# 𝕷𝖆𝖜 𝖆𝖓𝖉 𝕰𝖖𝖚𝖎𝖙𝖞

IN THE

# SUPREME COURT

OF THE

# STATE OF NEW YORK.

———◄•►———

## DANIEL PRICE *vs.* DANIEL M. WILSON and JAY GOULD, impleaded, &c.

A witness having been examined, before a referee, on the part of the defence, the referee, pending the cross-examination, adjourned the trial. The witness neglecting to appear for further cross-examination, he was required by the referee to appear on one of three days, or, in default thereof, to have his examination stricken out. He failed to appear, and upon the plaintiff's motion and on notice to the counsel of the witness, his testimony was stricken out. *Held* there was no injustice or impropriety in this course.

By articles of copartnership, G., one of the partners, was to devote his time and services, generally, to the business, and was to be allowed $1,000 per annum, for such services. He discharged the duties he was required to perform; but his salary was not paid, nor credited to him on the books of the firm. It appeared that W., another partner, had the general control of the office business, including the books of account. *Held* that the neglect to enter a credit of the salary in the books was not an act of G., nor a waiver of the salary by him.

The personal liability for debts of a corporation, imposed upon its officers for neglecting to publish a notice under a statute, is in the nature of a penalty;

and such a penalty, imposed by the laws of another state will not be enforced in the courts of our own. Hence, upon an accounting between partners, such a liability on the part of one of them, to the firm, cannot be considered.

APPEAL, by the defendants, from a judgment entered upon the report of a referee, in an action for an accounting between partners.

*Salter & Cowing* and *J. C. Jackson*, for the appellants.

*Henry Daily, Jun.*, for the respondent.

*By the Court,* LEARNED, J. This is an equity action, brought for the purpose of settling a partnership and for an accounting among the partners. It has been referred to a referee, who has made his report; from which the defendants appeal.

During the trial, Jay Gould was examined as a witness on the part of the defence. Pending his cross-examination, the referee adjourned the trial. Gould neglected to appear for further cross-examination. He was required by the referee to appear on one of three days, or, in default thereof, to have his examination stricken out. He failed to appear, and upon the plaintiff's motion and on notice to Gould's counsel, his testimony was stricken out. There was no injustice or impropriety in this course. The plaintiff was entitled to the benefit of the cross-examination; and the defendant Gould was in fault for not attending.

The referee disallowed a claim of Gould for salary. By the articles of copartnership Gould was to devote his time and services generally to the business, and was to be allowed $1,000 per annum for such services. Two others of the partners were also to be allowed salaries. The referee finds that the salaries of these two were regularly credited on the books; but that the salary of Gould was not paid or credited. And this failure to credit the

salary is held by the referee to be a waiver of it. It is not found by the referee that Gould failed to perform the duties imposed upon him by the articles ; and it is found that Wilson had the general control of the office business, including the books of account. As it does not appear, therefore, that Gould had the charge of the books, the neglect to enter the salary was not an act of his. By the express terms of the copartnership agreement Gould was entitled to receive a salary. So far as appears, he has discharged the duties which he was required to perform. Something more, then, than a mere neglect by another partner to credit him his salary is needed, to constitute a waiver ; even if he had seen the books. The partnership continued only about sixteen months, and there is no express agreement, in the articles, when salaries are payable. An entry in the partnership books, when they are accessible to all the partners, is undoubtedly strong evidence against them. But a mere omission to enter an item which might properly be on the books cannot have quite as much weight. Certainly not, unless the omission were long continued or repeated. In the present case, supposing that it would have been proper to enter the salary at the close of the year, there was an omission of only four months. While the right to a salary was fixed by the very articles of partnership, Gould may have relied on those articles. There is not, therefore, as it seems to me, enough to show a waiver of the salary of Gould, and it should have been allowed.

The most important question, however, in this case, is whether the plaintiff is to be charged with the debt owing by the New Jersey Patent Tanning Company, to the firm of Wilson, Price & Company. The plaintiff, Price, was a stockholder and director and the president, of the New Jersey Patent Tanning Company, a corporation organized under the general manufacturing law of New Jersey. That corporation became, and on the 1st day of August, 1860, was, indebted in a large amount

to the firm of Wilson, Price & Co. By the laws of New Jersey such a corporation is required, annually, on or before the 1st day of April, to give a notice in a certain newspaper, signed by the president and a majority of the directors, and verified, of the amount of stock actually paid in, &c. In default thereof, the president and directors are jointly and severally liable for all existing debts of the corporation. Such liability may be enforced by an action on the case or by a bill in chancery. The corporation above mentioned neglected to give that notice. And thereupon the plaintiff, Price, incurred the aforesaid statutory liability. The question is, whether that liability can be brought into this accounting. The referee held that it could not.

This subject has been thoroughly examined in other cases, and it is sufficient to refer to them. In *Bird* v. *Hayden* (2 *Abb.*, *N. S.*, 61) it is decided that a liability of this kind, imposed on directors for a neglect to publish a notice, under a statute, is in the nature of a penalty ; and that such a penalty, imposed by the laws of another state, will not be enforced in the courts of our own. The same doctrine was settled in the courts of New Jersey, in respect to a similar New York law, in the case of *Derrickson* v. *Smith* (3 *Dutcher*, 160.) If Price were sued in the courts of New York, on this alleged liability arising under New Jersey laws, he could not, under these decisions, be made liable. There is no reason, therefore, that it should be enforced against him by a defendant when he is plaintiff in the same courts.

It is not necessary to consider, here, whether or not, in the courts of New Jersey, Price, as director of that corporation, would be held liable for that statutory penalty to a firm in which he was a partner. It is sufficient that the cases above mentioned, and others therein cited, show that the courts of our state will not enforce such a penalty, imposed by laws of a foreign state.

Price *v.* Wilson.

There were nine notes given in evidence, on some of which the plaintiff, and on others of which the defendant Wilson, was liable. These notes appear to have been accommodation paper, loaned to the Tanning Company. It is claimed by the defendant Gould that the Tanning Company paid off these notes with money furnished by the firm of Wilson, Price & Co. The facts to sustain this view are not found by the referee. But assuming the facts to be so, the dealing of Wilson, Price & Co. was with the Tanning Company. Any money advanced was advanced to that Tanning Company; and the liability for the same was the liability of the Tanning Company. It cannot be charged against Price or Wilson.

The judgment, therefore, should be modified by crediting Gould with the amount of his salary $1,416.67, with interest thereon from March 15, 1865, to October 15, 1869, that being the computation of interest in the referee's statement, making $1,871.13. One quarter of said amount, viz., $467.78 should be deducted from the sum adjudged to be recovered by the plaintiff against said Gould, and one quarter thereof should be deducted from the sum adjudged to be recovered by said Wilson against said Gould. The deductions to be as of the date of the referee's report. In other respects the judgment should be affirmed, without costs of appeal to either party.

Judgment, as modified, affirmed.

[First Department, General Term at New York, January 6, 1873. *Ingraham, Brady* and *Learned,* Justices.]