## LANGDON et al. v. NEW YORK, L. E. & W. R. Co.

*(Supreme Court, Special Term, New York County.   January 23, 1890.)*

1. PLEADING—SHIFTING—CAUSE OF ACTION.
   A complaint alleged that defendant railroad company charged plaintiff more for the transportation of coal over its lines than it charged certain other customers, and that such undue and unreasonable discriminations were made under and were controlled by and in violation of the statute of Pennsylvania in such case made and provided.   It then set out the statute in full, and alleged that, by reason of the premises, defendant was liable to plaintiff in damages treble the amount of the injuries suffered.   *Held*, that plaintiff's cause of action rested solely on a violation of the Pennsylvania statute, and that on demurrer plaintiff could not be allowed to shift his claim to a cause of action at common law.

2. CARRIERS—DISCRIMINATION—PLEADING.
   A complaint which alleges that defendant allowed two of its customers certain rebates on its public freight rates, and refused to allow the same to plaintiff, and that by reason of such refusal plaintiff had paid defendant certain sums for the transportation of freight in excess of that paid by the two other customers for like services, but which contains no allegation that the amount charged and paid by plaintiff was unreasonable, or of any protest or demand that the services should be performed for plaintiff at the same prices charged the two other customers, and no averment that plaintiff's shipments were not made under a special contract with defendant, entered into with a full knowledge of the fact that a less rate was charged the two other customers, does not state facts sufficient to constitute a cause of action.

3. SAME—PENAL STATUTE.
   A provision in a Pennsylvania statute that no common carrier shall do certain acts, and that for a violation of such provision the offending carrier shall be liable to the person injured in damages treble the injuries sustained, makes the statute penal; and it cannot be enforced in the courts of New York.

Action by Andrew Langdon and others against the New York, Lake Erie & Western Railroad Company to recover damages for excessive freight charges. Defendant demurred on the ground that the court had no jurisdiction, and that the complaint did not state a cause of action.

*Benj. S. Harmon*, for plaintiffs.   *B. H. Bristow*, for defendant.

INGRAHAM, J.   I think that this complaint must be held to ask for the recovery of the amount required to be paid by the statute of Pennsylvania therein set forth.   The only act of the defendant alleged as the foundation of the plaintiff's right to recover is that defendant allowed to the Delaware & Hudson Canal Company and to the Hillside Coal & Iron Company certain concessions and drawbacks upon the public rates and charges fixed by the defendant for the transportation of anthracite coal over its lines, and failed and refused, and still fails and refuses, to allow the same concessions and drawbacks, or any of them, to the plaintiffs; and that by reason of such failure and refusal on the part of the defendant the rates or sums charged, demanded, and received by the defendant from the plaintiffs for rendering to plaintiffs the transportation services aforesaid have exceeded the rates or sums charged, demanded, and received by the said defendant from the said Delaware & Hudson Canal Company and from the Hillside Coal & Iron Company for like services from the same place, upon like conditions and under similar circumstances, to an amount equal to 65 cents a ton upon all the anthracite coal shipped by the plaintiffs over the line of the defendant during the period as aforesaid; and that by reason of the premises the plaintiffs have suffered injury and been damaged in the sum of $506,189.45.   The complaint then alleges that the above-mentioned undue and unreasonable discriminations by the defendant were made under and are controlled by and were in violation of the statute

of Pennsylvania in such case made and provided, entitled "An act to enforce," etc., and the provisions of said act are then pleaded in full.    The complaint then alleges that, by reason of the premises, the defendant is liable to the plaintiffs for damages treble the amount of the injuries suffered by them as aforesaid, to-wit, the sum of $1,518,588.35.

The whole foundation of the liability of the defendant is thus made by the complaint to rest upon a violation of the Pennsylvania statute.    There is no allegation in the complaint that the amount charged to and paid by the plaintiffs for the services rendered was unreasonable, nor is it expressly alleged whether or not the plaintiffs paid the regular rates fixed by defendant for like services, or whether the service was performed under a special contract between plaintiffs and defendant.    The single allegation that is made is that the defendant charged the plaintiffs more for services rendered than it charged to the corporations mentioned for like services.    These allegations would be sufficient to show a violation of the Pennsylvania statute, and make the allegations that the acts complained of were in violation of such statute controlling as to the nature of the cause of action.    Upon that cause of action the plaintiffs must stand, and to allow them on demurrer to shift their claim to recover to a cause of action at common law would be to substantially obliterate the complaint.    Every allegation is plainly connected with a violation of this statute, and with a violation of this statute only, and the remarks of EARL, J., in *Southwick* v. *Bank*, 61 How. Pr. 170, are applicable:    "If a party can allege one cause of action, and then recover upon another, his complaint will serve no useful purpose, but rather to ensnare and mislead his adversary." See, also, *Arnold* v. *Angell*, 62 N. Y. 508.

But, if the right to recover was based upon the common-law liability of the defendant, I think the complaint fails to allege facts essential to such a cause of action.    As before stated, there is no allegation that the rates charged and paid by plaintiffs were in excess of the reasonable compensation for the services rendered; no allegation but that the rates paid by the other two corporations mentioned were known to plaintiffs at the time of the shipments alleged in the complaint, or that the contract between plaintiffs and defendants as to the rates paid was not made with full knowledge of the rates paid by the corporations mentioned; no allegation of any protest by the plaintiffs against the rates charged to them, or demand that the services be rendered for the same prices charged to the other corporations; and, so far as appears by the complaint, the amounts paid by plaintiffs for the services rendered may have been paid by them with full knowledge of all the facts, and under a special contract with defendant based upon such facts.    I do not know of any principle that would allow a recovery under such circumstances.    In *Killmer* v. *Railroad Co.*, 100 N. Y. 402, 3 N. E. Rep. 293, it is stated by ANDREWS, J., delivering the opinion of the court:    "But the common-law duty does not preclude special contracts between railroad corporations and shippers, regulating the freight charge; and where, as in this case, freight has been carried for a long course of years at the schedule price, the shipper making no objection and no inquiry as to the reasonableness of the charge, and when it was his interest to object if the charge was unreasonable, he must, we think, be deemed to have assented to the charge as reasonable, and to have voluntarily waived any objection thereto.    At least, the receipt by the company of the freight at the tariff rate, under such circumstances, has no element of extortion."    The question here presented is not whether the court would enforce an agreement between a common carrier and one of its customers for a rebate in the rate charged, where such rebate was not allowed to its other customers, or to the public in general, but whether a shipper on a railroad is entitled to recover from the railroad the difference in the amount paid by him from that allowed to one or two other customers, on a naked allegation that the amount paid by plaintiff was in excess of the amount paid by two other

customers for like services.  I think it clear that no such action can be maintained at common law.

By an examination of the English cases, it appears that they are all based upon an express statutory provision, and not upon the obligation of a common carrier at common law.  Plaintiffs' right to recover in this action depends upon the enforcement by the courts of this state of the Pennsylvania statute. Whether or not such statute will be enforced here must depend upon the obligation created by that statute; whether or not it is a penal statute.

Applying the well-settled principles established by the courts of this state in the construction of such statutes, I think it is clear that the provisions of this statute are penal.  The statute first makes certain acts unlawful.  It then provides that no railroad company or other common carrier engaged in the transportation of property should do certain acts, and for a violation of such provision it makes the offending company or common carrier liable to the party injured for damages treble the injuries sustained.  The amount that such offending company is to pay, it is to pay for a violation of the statute,— as punishment for doing a thing prohibited by the statute.  It is immaterial how the amount to be paid for such violation is ascertained.  Whether the statute fixes the sum, or whether it depends upon the amount of damage the violation of the statute causes, it is still the "punishment inflicted by law for its violation," and this is what Bouvier defines to be the meaning of a penalty.  The courts of this state have uniformly held that the statute imposing upon trustees of a corporation the obligation to pay the debts of the corporation upon failure to file certain reports is in the nature of a penalty. See *Garrison* v. *Howe,* 17 N. Y. 458; *Bank* v. *Bliss,* 13 Abb. Pr. 225; affirmed by the court of appeals, 35 N. Y. 412; *Price* v. *Wilson,* 67 Barb. 9; *Rector* v. *Vanderbilt,* 98 N. Y. 170.  And in *Fisher* v. *Railroad Co.,* 46 N. Y. 644, it was held that a statute giving to any one who is charged excessive fare by a railroad company the right to recover the excess and $50 in addition was penal.  The statute being, therefore, a penal statute, and the recovery authorized by it being in the nature of a penalty, it is well settled that it will not be enforced by the courts of this state.  *Scoville* v. *Canfield,* 14 Johns. 340; *Transportation Co.* v. *Kilderhouse,* 87 N. Y. 430; *Bird* v. *Hayden,* 1 Rob. (N. Y.) 383.  The demurrer must therefore be sustained, and judgment ordered for defendant, with costs, with leave to plaintiff to amend within 20 days, on payment of costs.