Jackson
v.
Kent.

\*JACKSON, *ex dem.* GREEN and others, *against* N. and O. KENT.

EJECTMENT for land in Oneida county tried at the circuit in that county, March 27th, 1826, before WILLIAMS, C. J.

At the trial, the claim of the plaintiff, to one-fifth of the premises in question, depended on the inquiry, whether one of the lessors of the plaintiff was the heir of George Clark, the patentee of the land. For this purpose, the plaintiff offered in evidence, the deposition of Jaspar Graham, a witness residing out of the state, taken *de bene esse*, before James Cochran, Esq., a commissioner to perform certain duties of a judge of the supreme court; and stated that Graham was at Utica at the time the deposition was taken, but that he resided in the state of Connecticut, and was then about to return home; and offered to prove the service of notice of the examination; and the other proof preliminary to the taking of the deposition, by affidavits. To this preliminary proof the counsel for the defendants objected; but the objection was overruled. The defendant's counsel then offered to prove that the notice of examination, and the copy of the order for such notice, were served on the attorney for the defendants only twenty-three minutes before the time mentioned for the examination; and that the defendants resided at Deerfield, a distance of about eight miles from Utica, the place of examination. But it appearing that the defendants' attorney did not appear and request further time, and only objected to the commissioner against the examination of the witness on other grounds, the judge considered the testimony as immaterial, and overruled it. The defendants' counsel still objected to the reading of the deposition, and insisted that

Where it is certain, or probable that the personal attendance of a witness cannot be procured at a trial, an examination *de bene esse* before a judge, or commissioner to do the chamber duties of a judge, is proper and should be encouraged. Whether the preliminary steps to the examination, may be proved on the trial by affidavits, or must be proved *viva voce !* *Quære.* But they may be proved by affidavit, unless the proof is objected to specifically, on the ground that it is by affidavit; and *viva voce* testimony insisted on. *Semb.* that such preliminary proof may be by a party, or person interested as lessor of the plaintiff. The party cannot object that the no-

tice of the examination *de bene esse* was too short, where he appears before the commissioner, and omits to object, for that reason there; but puts his objection on other grounds.

Forms of affidavits, order, and notice to examine a foreign witness *de bene esse*, note (a) to this case.

Form of deposition, note (a) to this case.

ALBANY,
Feb. 1827.

Jackson
v.
Kent.

*it was not a proper case for taking evidence in this way; and also that sufficient notice of the examination had not been given. Both objections were overruled.(a)

(a) The proceedings to take the examination, the preliminary proofs offered at the trial, and the deposition, were set forth at large in the case; and were as follows:

SUPREME COURT.

Caption of deposition.

*James Jackson*, ex dem. *Henry Green, George Clark and others,*
vs.
*Nathaniel Kent and Orrin Kent.*

Memorandum, that on the 15th day of October, A. D., 1825, Henry Green, one of the lessors of the plaintiff, in the above entitled cause, personally appeared before me, James Cochran, commissioner to do certain duties of a judge of the supreme court; and made oath that Jasper Graham, a resident in the state of Connecticut, is a material witness for the above lessors of the plaintiff; and had been attending the late circuit of the county of Oneida, to testify in said cause: that said cause did not come to trial, and that said witness was on the point of returning home; and that he, the said Henry Green, was advised by counsel, that he could not safely proceed to trial without the testimony of said Jasper Graham. And the said Henry Green requested of me, that the said Jasper Graham might be examined, according to law, *de bene esse;* whereupon I ordered that a notice should be given to the attorney for the defendants in the above cause, whereof the annexed is a true copy; and I, having satisfactory proof that said notice has been given and duly served, have thereupon proceeded with the said examination. And the said Jasper Graham, being duly sworn, testified to the truth of the facts contained in the annexed affidavit, subscribed by him, the said Jasper Graham, on the 15th day of October, in the year 1825. And I do certify, that the examination aforesaid was read to the said Jasper Graham, and subscribed by him in my presence. In testimony whereof, I have hereunto subscribed my name, this 15th day of October, A. D. 1825.

JAMES COCHRAN, *Com'r.*

SUPREME COURT.

Deposition of witness.

*James Jackson*, ex dem. *Henry Green, George Clarke and others,*
vs.
*Nathaniel Kent and Orrin Kent.*

ONEIDA COUNTY, ss. Jasper Graham, of the county of Hartford, in the state of Connecticut, and late of the British navy, being sworn, deposeth, that he, the said Jasper Graham, is personally acquainted with George Clark, one of the lessors of the plaintiff, now living in the county of Otsego; and has known him since the year 1786. That he, the said George Clark, was the son of George Hyde Clark, lately deceased, and who resided in London, in England. That the deponent was personally acquainted with the said George Hyde Clark, and knew him upwards of forty years before his death, which took place in July last. That the said George and Edward Clark,

*The plaintiff then proved that Graham's residence was at Weathersfield, in Connecticut.

There were also various other questions in the cause, principally of fact. A verdict was taken for the plaintiff, subject to the opinion of the court, on a case.

ALBANY,
Feb. 1827.

Jackson
v.
Kent.

the latter now living in France, were the only sons of the said George Hyde Clark. That the deponent went to the same school with the said George Clark and Edward Clark, at Westminster and Eton, in England; and that this deponent was a prisoner at Verdun in France, with the said Edward Clark, in part of the year 1802, in the years 1803, 1804, 1805, 1806, and part of the year 1807. That George Clark is older than Edward Clark, his brother. That this deponent understood from the said George Clark, and believes the same to be true, that he the said George Clark, is upwards of 57 years of age; that the late George Hyde Clark had but one brother, whose name was Edward Clark, who died young and unmarried. That the said George Hyde Clark and Edward Clark, brothers as aforesaid, were the only children of major Edward Clark, of Hyde and Swansea, in the county of Cheshire, in England. That the said major Clark owned large estates in Hyde and Swanswick, in the parish of Trelany, in the county of Cornwall, on the north side of the island of Jamaica, in the West Indies. That the said major Edward Clark, was the only son of George Clark, formerly lieutenant governor of the province, now state, of New York. That this deponent derived the information above stated, from a long and intimate acquaintance with the relatives and connexions of the above family generally; and believes the same to be correct and true.          J. GRAHAM.

October, 15, 1825.

Sworn before me, this 15th day of October, 1825,
    JAMES COCHRAN, Com'r. to the duties of a
       Judge of the Supreme Court.

SUPREME COURT.
James Jackson, ex dem. Henry Green
and others,
vs.
Nathaniel Kent and Orrin Kent.

Affidavit of
serving notice
and order for
examination.

ONEIDA COUNTY, ss. Henry Green, attorney in the above cause for the plaintiff, being duly sworn, deposeth, that on the 15th day of October inst., he, this deponent, personally served Hiram Denio, attorney for the defendants in said cause, with a copy of the annexed notice, and also with a copy of the annexed order, by delivering the same to him; and at the same time showed him, the said Hiram Denio, the original order hereunto annexed. That said service, as above, was made immediately after said order was allowed by James Cochran, the commissioner who signed the same.

HENRY GREEN.

Sworn the 15th day of October, 1825.
      JAMES COCHRAM, Com'r. to do certain duties of a
        Judge of the Supreme Court.

Jackson
v.
Kent.

*The cause was argued by

W. H. Maynard and H. R. Storrs, for the plaintiff, and

H. Denio and G. C. Bronson, for the defendants.

For the defendants it was insisted, among other things, that the law will not allow testimony to be taken, *de bene*

---

Additional
affidavit as to
service

SUPREME COURT.
The Same
vs.
The Same.

ONEIDA COUNTY, ss. Henry Green, being duly sworn, saith, that when he served the notice on Hiram Denio, on the 15th day of October last, as mentioned in the preceding affidavit, he, the said Denio, was in the village of Utica, where the examination of the said Jasper Graham was had according to the notice then served; and the said Denio had been in the village of Utica for some days before, and remained in the said village until after the said examination had been had.
                                                            HENRY GREEN.

Sworn this 27th day of March, 1826,
    before me, G. C. BRONSON, Com'r. &c.

---

Notice of
examination.

SUPREME COURT.
James Jackson, ex dem. Henry Green
    and others.
                    vs.
Nathaniel Kent and Orrin Kent.

Sir—Take notice, that in pursuance of an order this day made by James Cochran, Esq., commissioner to do certain duties of a judge of the Supreme court, Jasper Graham, of the county of Hartford, in the state of Connecticut, will be examined on this day at six o'clock in the evening, before him, at his office in Utica, *de bene esse*, as a witness for the above plaintiff. Oct. 15, 1825.
            Y'rs, &c.      HENRY GREEN, pltff's att'y.

H. DENIO, Esq. att'y for def'ts.

---

Order for examination.

SUPREME COURT.
James Jackson, ex dem. Henry Green
    and others.
                    vs.
Nathaniel Kent and Orrin Kent.

Henry Green, one of the lessors of the plaintiff in the above cause, having applied to me for the examination of Jasper Graham, a witness, on his behalf in said cause, who reside in the county of Hartford and state of Connecticut, and is about to depart from hence, and having made oath before me, such as is required by law; let notice be therefore given to the above defendants, that the said Jasper Graham will be examined, *de bene esse*, before me, at my office at Utica, county of Oneida, at six o'clock P. M. on this day. October 15, 1826.
                                JAMES COCHRAN, Com'r.

*esse,* in such a case as this; but if otherwise, the notice of examination was too short; and that the preliminary proof should have been made *viva voce,* and not by affidavit. It was denied that this manner of taking evidence is known to the common law; and insisted that it could only be taken under our statute.

For the plaintiff, the case of *Mumford* v. *Church,* (1 John. Cas. 147,) was relied upon as settling the question.

SUTHERLAND, J., (in delivering the opinion of the court,) said, the preliminary objections to giving in evidence the deposition of Jasper Graham, were properly *overruled. The objection at the trial was not specifically to proving the service of notice of Graham's examination before the commissioner, by affidavit. It was in general terms, to the preliminary proof. If it had been made expressly to the nature of the evidence of service, it might have been obviated by calling the witness who made the service, and swore to the affidavit. He was probably in court; for he was the attorney in the cause, and one of the lessors.

It was a proper case for an examination *de bene esse,*

<div style="margin-left:2em">

SUPREME COURT.
*James Jackson,* ex dem. *Henry Green*
          *and others,*
                    vs.
*Nathaniel Kent and Orrin Kent.*

ONEIDA COUNTY, ss. Henry Green being duly sworn, deposeth and saith, that Jasper Graham, a resident of the state of Connecticut, and a material witness for the lessors of the plaintiff in the above entitled cause, has been attending the late circuit for this county to testify therein; but said cause did not come to trial, and the said witness is now on the point of returning home; that deponent is advised by his counsel, that he cannot safely proceed to trial, without the testimony of said Graham; and this deponent is desirous of having him examined, *de bene esse;* that said witness intends leaving this place to-morrow morning, on his return; and unless he is examined this day, this deponent will lose the benefit of his testimony.

                              HENRY GREEN.

Sworn before me, this 15th of October, 1825.
    JAMES COCHRAN, Com'r.

</div>

The late Mr. Caines, in his summary of the practice of the supreme court, 433 to 438, has given very convenient forms for this kind of examination, nearly corresponding with the above; together with practical instructions for taking the examination.

ALBANY,
Feb. 1827.

within the decision in *Mumford* v. *Church*, 1 John. Cas. 147. It is more favorable to the opposite party, than an examination upon interrogatories under a commission; and more likely to elicit truth. Instead of being discouraged, I think it merits the countenance of the court, where it is certain or probable that the personal attendance of the witness cannot be procured upon the trial.

[*64]

*The shortness of the notice to the defendant's attorney, of the intention to examine Graham before the commissioner, it is stated in the case, was not objected to before the commissioner; but the objection to his examination was on other grounds. The evidence offered to the court was, therefore, properly overruled at *nisi prius*. If the objection had been taken before the commissioner, the time might have been enlarged.

Judgment for the plaintiff, for one-fifth of the premises.