### THOMAS LOCKYER v. ELIZA LOCKYER.

A feigned issue from the Court of Chancery, brought to trial on the order of that court, without a formal record, is an action within the meaning of the statute (2 R. S. 391, § 1), which permits the deposition of an absent witness, taken *de bene esse*, to be received in evidence.

In a case of adultery, proof of improper familiarities, not amounting to criminality, will be received to explain the conduct of the party charged; and such proof may be made of facts which occurred before the time in which the offense is alleged to have been committed.

General evidence of good character for virtue is not admissible in answer to a charge of adultery.

FEIGNED issues from chancery in a suit for divorce on the ground of adultery. There was no formal record made up, the parties going to trial upon the certified copy of the order of the court, by which the first issue to be tried was whether the defendant, during the years 1841 and 1842, had committed the offense at a certain house with one John C.; the second, whether she had been guilty of the like offense at various times in the same year, with one James C.; and the third, a cross issue, whether complainant had not committed adultery with one Anne C.

The deposition of a witness taken *de bene esse* in the cause while in this court, was offered, after proof of the continued offense of the witness. There was no direction in the order awarding the issues as to the testimony to be received upon the trial.

The deposition was objected to on the ground that this was merely a collateral proceeding in a suit pending elsewhere, and an incident to it, and that the trial of these issues was not "an action pending in a court of law," as contemplated by 2 R. S. 391, § 1, so as to enable the party to read the deposition of an absent witness; and that, to entitle him to do so, a

direction to that effect should have been inserted in the order awarding the issues.

*The Circuit Judge* allowed the deposition to be read as evidence on the grour 1 that though the proceeding was not technically a suit in his court, yet it was an action pending therein in the con emplation of the statute, which was merely in affirmance of the practice as it existed before its incorporation into the Re ised Statutes (7 Cow. 63; 1 John. Cas. 147), and the proceeding should therefore be regarded as a suit at law for all the purposes of evidence after it had been sent to the circuit for trial.

Several witnesses proved the practice of improper familiarity between defendant and the parties named, through the summer of 1841, and in the summer of 1842; and on the part of the defendant it was attempted to be shown that the intimacy was of an innocent character.

Proof was now offered of improper intimacy and conduct between the defendant and both of the parties named, in 1839, to which defendant's counsel objected as not being within any of the issues to be passed upon.

*The Circuit Judge* considered it admissible, as it would serve to characterize the defendant's conduct, already testified to, and impress it in the mind of the jury with the stamp of criminality or innocence; and in this view, and not as a substantive charge of guilt, he would receive it.

*The Defendant's Counsel* offered to prove by several witnesses her general character for virtue, and her general exemplary deportment, which was overruled.

Verdict for plaintiff on all the issues.