JOHN W. MATTHEWS, RESPONDENT, *v.* ZEO L. MATTHEWS, APPELLANT.

*Divorce — reference in an action for — the court cannot set aside the referee's report and direct him to take further evidence — it may refuse to confirm the report — form of order of reference.*

Where a referee has been appointed, in an action brought for a divorce, "with power to take the testimony and report the same with his findings of fact to the court," and the referee reports in favor of the defendant, the Special Term is not authorized to set aside the report and send the case back to the referee with orders to him to take further testimony.

An order in the form above stated is, in fact, an order of reference "to hear and determine."

*Semble,* that the court may, on the ground of insufficient proof, refuse to authorize the entry of a judgment for divorce, although the referee has decided that it should be granted.

APPEAL by the defendant from a judgment decreeing that the marriage between the plaintiff and the defendant be dissolved, directed at a Special Term held in the county of Washington, which judgment was entered on the report of a referee in the office of the clerk of the county of Clinton on the 10th day of March, 1888.

*James Averill,* for the appellant.

*George Richards,* for the respondent.

LEARNED, P. J.:

This is an action for divorce on the ground of adultery.

The answer denies the adultery of defendant, and avers adultery of plaintiff; also denies that plaintiff has not voluntarily cohabited with defendant since the discovery. A supplemental answer sets up that the plaintiff has condoned the alleged adultery. Another

supplemental answer sets up another instance of adultery on plaintiff's part. The allegations of the answers are denied in replies.

On the stipulation of the parties an order was made appointing a referee "with power to take the testimony and report the same with his findings of fact to the court." Testimony was taken before him and he reported that the defendant did not commit adultery as alleged.

The Special Term set aside the report and sent the case back to the referee with orders to him to take further testimony. No further testimony was given by plaintiff. Thereupon the referee made another report that the defendant did commit adultery as alleged; that the plaintiff did not commit adultery as alleged in the several answers, and had not condoned the offense, and that plaintiff should have judgment. The Special Term confirmed the report and granted judgment.

The evil of the practice followed in this case is apparent from the fact that, by his first report, the referee found that the defendant had not committed the alleged adultery; and, by his second report, without any further evidence on plaintiff's behalf, he found that she had. The additional evidence on the second hearing related only to plaintiff's alleged adultery. So that we have the same referee coming to a different conclusion on the same question and upon the same proof. A practice which permits this is not to be sanctioned.

Under the decision of *McCleary* v. *McCleary* (30 Hun, 154), we must hold that the first order of reference, though badly expressed, was, in fact, a reference to hear and determine. It was not a mere taking of testimony by consent out of court to be used on a trial. For the referee was to report his findings of fact. That gave him the power to try the questions of fact made by the issues. By section 1229 of the Code of Civil Procedure, judgment cannot be entered on the report, of course, but the report and the testimony must be presented to the court, and judgment can be granted only by the court. The court cannot set aside the report and grant a judgment in favor of the party against whom the referee has reported. (*Schroeter* v. *Schroeter*, 23 Hun, 230.)

In *Ross* v. *Ross* (31 Hun, 140), it is shown that after a trial by a referee in a divorce action there is no power in the court to direct the referee to take further proof and then review his decision and

make a new report. We are not willing to hold that the court may not, on the ground of insufficient proof, refuse a judgment of divorce, when the referee has decided that it should be granted; because we suppose that the power given by section 1229 is for the protection of the public; and, therefore, that the court may say the adultery is not proved, even though the court cannot discover actual collusion. If the unsuccessful party can have a case sent back for further testimony and findings, much injustice may be done by preparing evidence to meet the emergency. It is important that, when the parties have rested and the tribunal has decided, the decision should stand. It is not clear on whose motion the cause was thus sent back. The defendant had succeeded. And yet if the plaintiff wanted a further hearing, he, at least, offered no further testimony. So that he must have relied on convincing the referee that he had come to an erroneous conclusion on the first hearing. If there had been no errors on the trial, we might be obliged to reverse the judgment and give judgment for the defendant on the first report, unless (as stated in the points) the report was sent back by consent. But, on the hearing before the referee, John Newton, the person with whom the alleged adultery of defendant was committed, was examined as a witness for plaintiff. He testified to the adultery. He was partly cross-examined by defendant and then his cross-examination was suspended on an agreement between the parties and the witness that when again called by defendant for cross-examination he would be present. He was afterwards recalled by defendant for further cross-examination and failed to appear, and it was shown that he had left the State. The defendant then moved to strike out the evidence of Newton for his failure to appear and to be cross-examined. The motion was denied and defendant excepted. This was error. (*People* v. *Cole*, 43 N. Y., 508; *Rutherford* v. *Holmes*, 66 id., 368; *Kissam* v. *Forrest*, 25 Wend., 651; *Price* v. *Wilson*, 67 Barb. 9.) The testimony of this witness was of such importance that this error cannot be overlooked. The testimony of the defendant denying the alleged adultery was excluded. This may have been correct under the law as then existing. But we refer to section 831, as now amended. The notice of appeal states that it is intended to bring up also an order refusing to punish plaintiff for non-payment of alimony. We find

no such order, although the subject is mentioned in the opinion of the learned justice.

The judgment is reversed, referee discharged, new trial ordered, costs to abide event. The defendant to be at liberty to take such action as she may be advised in respect to enforcing the payment of alimony.

LANDON and INGALLS, JJ., concurred.

Judgment reversed, new trial granted, referee discharged, costs to abide event. Defendant to be at liberty to take such action as she may be advised as to alimony.