## CHARLES F. STEVENS, Respondent, *v.* CARRIE T. STEVENS, Appellant.

*Action for divorce on the ground of adultery — evidence showing indiscretions with other men than those named in the complaint, incompetent — limit of the testimony which may be given by the defendant.*

In an action for an absolute divorce evidence was admitted upon the trial, against the objections and exceptions of the defendant, the wife, showing indiscretions of the defendant with other men than those with whom adultery was charged in the complaint. It was claimed by the plaintiff that the evidence of the acts of the defendant with other parties was competent "with a view of showing a lustful disposition."

*Held,* that the evidence was not admissible.

The defendant was called as a witness in her own behalf and gave evidence, under the privilege conferred by section 831 of the Code of Civil Procedure, permitting the party, in such case, to "disprove the allegation of adultery." After she had testified in detail, denying specifically all the acts of adultery indicated by the evidence offered on the part of the plaintiff, she was asked as to certain circumstances which it would have been competent and material for her to testify to, provided there was no limit upon her right to testify on the issue of adultery. The evidence was excluded by the referee upon the ground that, under the circumstances referred to, a party could not testify to affirmative facts

*Held,* that the Code did not limit the evidence to a denial simply, but gave the right generally "to disprove the allegation of adultery," to show that the allegation was not true, and that the defendant could not only deny, but could testify to, any fact or circumstance, within her knowledge, competent and material on the question as to whether the act as charged was committed.

Appeal by the defendant to the General Term of the Supreme Court, upon questions of law and upon the facts, from a judgment recovered at a Special Term, held in Tompkins county, after a trial before a referee, which was entered in the office of the clerk of Chemung county on the 11th day of December, 1888, in favor of the plaintiff.

*G. L. Smith,* for the appellant.

*H. H. Rockwell,* for the respondent.

Merwin, J. :

Upon the trial evidence was admitted, over the objection and exception of defendant, showing indiscretions of defendant with other men than those with whom adultery was charged in the complaint.

The appellant claims that this ruling was erroneous. This claim is supported by the case of *Beadleston* v. *Beadleston* (20 N. Y. State R., 21; S. C., 2 N. Y. Supp., 809), where it was held that such evidence was inadmisible, it being said by Justice DANIELS that evidence as to other specific misconduct, not relating to the particular charges in the complaint, was not proper, and had no tendency whatever to establish those charges. A like view was entertained by the court in *McDermott* v. *State* (13 Ohio St., 334), where it is said : " It by no means follows that a desire to have sexual intercourse with one person tends, legitimately, to prove a willingness to have like intercourse with another and different person. Indeed, the reverse is much the most probable, but, however this may be, the introduction of such proof is opposed to the well settled rules of evidence." So in *Washburn* v. *Washburn* (5 N. H., 195), it was held that evidence as to the unchaste character of the defendant was inadmissible, and that evidence showing improper conduct with other men not named in the complaint did not corroborate the confessions of defendant that she had committed adultery with the person charged. The defendant's character is said not to be in issue. (*Humphrey* v. *Humphrey*, 7 Conn., 117; *Lockyer* v. *Lockyer*, 1 Edm. Cas., 107.) It is, however, claimed by plaintiff that the evidence of acts of defendant with other parties is competent with a view of showing a lustful disposition. Upon this theory apparently it was received, following the views of Mr. Bishop in his work on Marriage and Divorce (vol. 2, § 625.) That was said to be the doctrine of the English Ecclesiastical Court, and the cases of *Forster* v. *Forster* (1 Haggard's C. R., 144; *Soilleux* v. *Soilleux* (1 id., 373) were cited. The Forster case was for a divorce, brought by the husband against the wife, on the ground of adultery, in which recrimination was plead in bar. The question was whether this plea was sustained, and in this view the conduct of the husband with other parties was considered as having a bearing by way of corroboration. In the Soilleux case the suit was against the husband, and the conduct of the defendant with others than the person charged was in the case and deemed important. In neither of these cases was the admissibility of such evidence specially considered. In New Jersey such evidence was considered material in *Derby* v. *Derby* (21 N. J. Eq., 36, 60), though in the case cited there was a general allegation under which it

would have been admissible as relating to guilty conduct with persons unknown. The trouble, it seems to me, with the evidence is that it goes outside of the issues made by the pleadings, and in effect presents new allegations that the other side is not expected to be able to meet. Acts of adultery not charged cannot be proved. (*Germond* v. *Germond*, 6 Johns. Ch., 347.) The same principle would exclude evidence of conduct leading towards such acts or indicating a willingness to commit such acts, or, in other words, a lustful disposition. I think the evidence was not admissible.

The defendant was called as a witness in her own behalf, and gave evidence under the privilege given by section 831 of the Code of Civil Procedure, permitting a party in such a case to " disprove the allegation of adultery." After she had testified in detail denying specifically all the acts of adultery indicated by the evidence on part of plaintiff, she was asked as to certain circumstances which it would have been competent and material for her to testify to, provided there was no limit upon her right to testify on the issue of adultery. This was excluded by the referee, and the ruling is sought to be justified on the ground that, under the section referred to, a party cannot testify to affirmative facts. The Code does not limit the evidence to denials simply. It gives the right generally " to disprove " the allegation of adultery, to show that the allegation is not true. The plaintiff charges that a certain act was committed; the defendant not only can deny but she can testify to any fact or circumstance, within her knowledge, competent and material on the question whether the act as charged was committed. In this way only can the expresssion " to disprove " be given its ordinary meaning.

There is nothing to show that the legislature intended any other result. I think the ruling in this regard was erroneous. The evidence on the part of the plaintiff was circumstantial. The ruling above discussed cannot fairly be deemed immaterial. It follows that the judgment must be reversed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment reversed on the exceptions and a new trial ordered before another referee, costs to abide the event.