HATTIE D. HUNTLEY, Respondent, *v.* ELMER E. HUNTLEY, Appellant.

*Action for divorce — how the trial before a referee can be reviewed — evidence of the defendant improperly excluded — Code of Civil Procedure, § 831.*

In an action brought to obtain an absolute divorce the Special Term has no power, after a trial before a referee, to examine the case upon the merits, or to reverse the report of the referee for errors or irregularities committed on the trial, and the only manner in which the trial before the referee can be reviewed is by an appeal to the General Term.

In an action brought to obtain an absolute divorce on the ground of adultery, the defense was that the alleged adultery was committed with the consent, connivance, privity and procurement of the plaintiff. On the trial the defendant gave testimony which, if true, showed that he was not guilty of the adultery charged, and that the acts proved by the plaintiff, and relied on by her as evidence of the defendant's adultery, were performed by the defendant with the privity and procurement of the plaintiff, and that she colluded and connived with the defendant and induced him to perform them so that she might secure a divorce.

Upon the motion of the plaintiff all the evidence given by the defendant as to conversations with the plaintiff tending to show connivance was struck out as privileged.

*Held,* that the evidence was competent and should not have been stricken out as it not only tended to show connivance on the part of the plaintiff, but also tended to disprove the plaintiff's allegations of adultery.

Section 831 of the Code of Civil Procedure, allowing a defendant to disprove the allegations of adultery made by his wife, does not limit the evidence to a simple denial; the husband or wife can testify to any fact or circumstance within his or her knowledge, competent and material on the question as to whether the act, as charged, was committed.

APPEAL by the defendant, Elmer E. Huntley, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Broome on the 24th day of January, 1893, upon the report of a referee granting the plaintiff a judgment of absolute divorce, and from an order entered in the said clerk's office on the 24h day of January, 1893, denying the defendant's motion for a new trial.

*F. Newell Gilbert,* for the appellant.

*Winthrop D. Painter,* for the respondent.

MARTIN, J. :

This action was for an absolute divorce on the ground of adultery. The defense was in effect that the alleged adultery of the defendant was committed with the consent, connivance, privity and procurement of the plaintiff, a denial of the plaintiff's allegations of adultery, and a counterclaim setting up adultery upon the part of the plaintiff.

The issues in the action were referred to a referee to hear and determine. He found that the defendant was guilty of adultery ; that it was committed without the consent, connivance, privity or procurement of the plaintiff, and that the plaintiff was not guilty of the acts of adultery charged by the defendant.

The Special Term had no power to examine the case upon the merits, or to reverse the report for errors or irregularities committed on the trial, and hence the only manner in which the defendant could review the trial before the referee was by appeal to this court. (*Schroeter* v. *Schroeter,* 23 Hun, 230 ; *Ross* v. *Ross,* 31 id. 140, 146 ; *Matthews* v. *Matthews,* 53 id. 244 ; *Ryerson* v. *Ryerson,* 27 N. Y. St. Repr. 945.)

On the trial, the defendant was called as a witness in his own behalf, and gave testimony which, if true, showed conclusively that he was not guilty of the adultery charged, and that the acts that

were proved by the plaintiff, which were relied upon as evidence of the defendant's adultery, were performed by the defendant with the privity and procurement of the plaintiff, and that she colluded and connived with the defendant to perform them so that she might secure a divorce. After this evidence was admitted, the plaintiff moved to strike out all the evidence given by the defendant as to conversations with the plaintiff tending to show connivance, as privileged, and the motion was granted. To this the defendant duly excepted.

Without examining the question whether the plaintiff's objections to the evidence were such as to justify the court in striking out the evidence after it had been received, if it was improper, we are of the opinion that the evidence stricken out was proper, as it not only tended to show connivance on the part of the plaintiff, but also tended to disprove the plaintiff's allegations of adultery, and that the learned referee erred in striking it out.

By section 831 of the Code of Civil Procedure, the defendant was a competent witness to disprove the allegations of adultery made by the plaintiff. This section does not limit the evidence to a simple denial, but gives the right generally to disprove the allegation of adultery by showing that the allegation is not true. The defendant can, not only deny the allegation, but can testify to any fact or circumstance within his knowledge, competent and material on the question as to whether the act, as charged, was committed. (*Stevens* v. *Stevens*, 54 Hun, 490.)

Applying the principle of the case cited to the question before us, it becomes quite manifest that much of the evidence stricken out was admissible as tending to show that the defendant was not guilty of the act of adultery charged, and of which the defendant has been found guilty. His evidence, which was quite strongly corroborated by the evidence of other witnesses, was to the effect that the plaintiff desired a divorce from the defendant so that she could marry another man who could maintain her in idleness and dress her more extravagantly; that she requested her husband to go into a room with some other woman in the presence of witnesses, so that she might prove that fact by them and thus obtain a divorce; that she finally induced him to consent to such plan upon her agreeing to pay the expenses of obtaining a divorce; that he went with her

to see her lawyer; that he procured two witnesses, one a Mr. Miller, a cousin of the plaintiff, to go with him to a house of ill-fame; that he went into a room with one of the inmates, but had no criminal intercourse with her; that he then left the house; that the witness Miller who was with him immediately reported the fact to his wife; that the next day she went to the house and got his meals, and the following day they amicably divided their household goods; and many other facts and circumstances tending to show that what was done by the defendant was done at the request of the plaintiff and by her procurement for the purpose of getting evidence upon which she could base an action for divorce.

If this evidence was true, we have not only the evidence of the defendant denying that he committed adultery on that occasion, but the other facts and circumstances testified to by him which tend to show the purpose of his action, to corroborate his statement that he was not guilty of the offense charged, and to explain the circumstances which, unexplained, might tend quite strongly to show that he was guilty of the offense. We think the learned referee erred in striking out this evidence, and that for such error the judgment should be reversed, as it cannot be said his ruling was harmless to the defendant. (*Matter of Eysaman*, 113 N. Y. 70, 71.)

We are also of the opinion that the judgment in this case should be reversed on the facts. While we are not unmindful of the superior advantages possessed by the referee, who saw the witnesses, heard their testimony and had an opportunity to observe their demeanor while testifying, and while we recognize the ability of the learned referee before whom this action was tried, still, a careful examination of the evidence has led us to the conclusion that the findings of the referee are not sustained by that fair preponderance of evidence which would justify us in upholding the judgment.

The judgment and order confirming the report of the referee must be reversed on the law and facts and a new trial ordered, with costs to abide the event.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order confirming the report of the referee reversed on the law and the facts and a new trial ordered, with costs to abide the event.