MICHAEL J. AHERN, Appellant, v. THE COUNTY OF KINGS and THE COUNTY OF QUEENS, Respondents.

*Counties — powers specific and limited — officers not agents — when counties are not liable for the negligence of their officers.*

In the State of New York the counties are organized for the exercise of a portion of the powers of the State government. Their powers, duties and liabilities are all conferred by the Constitution and the laws of the State, and they are all specific and limited.

Counties possess no inherent power and are subject to no liability, except such as is imposed by the statute. No liability is imposed upon the counties of the State of New York for the negligence of any of their officers if such liability is claimed to rest upon the doctrine of *respondeat superior*. Such officers are not agents of the county.

The complaint in an action brought to recover damages against the county of Kings and the county of Queens for injuries received, alleged that the injuries

sustained by the plaintiff were entirely due to the faulty and defective construction and maintenance of a bridge which was constructed and maintained by the boards of supervisors of the counties of Kings and Queens.

*Held,* that the action could not be maintained against the counties for the recovery of the damages sustained by the plaintiff.

APPEAL by the plaintiff, Michael J. Ahern, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 25th day of October, 1894, upon the dismissal of the complaint directed by the court after a trial at the Kings County Circuit before the court without a jury.

*Foley & Wray,* for the appellant.

*George F. Elliott* for the county of Kings, respondent.

*F. H. Van Vechten,* for the county of Queens, respondent.

DYKMAN, J. :

The complaint of the plaintiff in this action was dismissed at the trial on the motion of the defendants, because it failed to state facts sufficient to constitute a cause of action, and the plaintiff has appealed from the judgment of dismissal. It is stated in the complaint that the boards of supervisors of the counties of Kings and Queens conjointly built a bridge across Newtown creek, which flows between the counties of Kings and Queens, and forms one of their boundaries. That such bridge was used by the public by permission of the two counties, and while the plaintiff was lawfully upon the same it gave way, and the plaintiff was thrown into the stream below, and received the injuries complained of in this action. Then it is averred that the injuries sustained by the plaintiff were entirely due to the faulty and defective construction and maintenance of the bridge and various other causes relating to the unsafe condition of the same.

The question is, can the action be maintained against the counties for the recovery of the damages sustained by the plaintiff? In this State the counties are organized for the exercise of a portion of the State government. Their powers, duties and liabilities are all conferred by the Constitution and the laws of the State, and they are all specific and limited. They possess no inherent power, and they

are subject to no liability except such as is imposed by the statute. Our Revised Statutes declare that the counties as bodies corporate have capacity to sue and be sued in the manner prescribed by law; to make such contracts and purchase and hold such personal property as may be necessary for the exercise of their corporate or administrative powers. That no county shall possess or exercise any corporate powers except such as are enumerated in the chapter which regulates the subject, or shall be specifically given by law, or shall be necessary to the exercise of the powers enumerated or given. The powers of a county as a body politic, can only be exercised by the board of supervisors thereof, or in pursuance of a resolution by them.

In 1864, by chapters 8 and 72 of the Laws of that year, boards of supervisors were authorized to borrow money upon the credit of their counties for the payment of war bounties, and we have been referred to no statute, and we have discovered none, which imposes liability upon the counties for the negligence of any of their officers, if such liability results from the doctrine of *respondeat superior*, for the reason that such officers are not agents of the county. This court is fully committed to these views, for we have decided in another action which arose out of the same accident in which the plaintiff was injured, that the counties are not liable for the damages resulting therefrom. (*Albrecht* v. *The Counties of Queens & Kings*, 84 Hun, 399.)

The statute of 1892, which declares counties to be municipal corporations, has imposed no new liabilities upon the counties.

The judgment.should be affirmed, with costs.

BROWN, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.