John McAvoy v. The County of Kings and the County of Queens.—Judgment affirmed, with costs.—

DYKMAN, J.: The counsel for the respective parties to this action have stipulated that the issues involved in the appeal in this action are identical with the issues involved in the case of *Ahern* v. *The Counties of Kings & Queens* (*ante*, page 148) and requested the General Term to dispose of the appeal in this action in the same way as it may dispose of the appeal in the case of Ahern. As the judgment in the action of Ahern has been affirmed at this term, so the judgment in this action of McAvoy must be affirmed according to the stipulation, with costs.    Brown, P. J., and Pratt, J., concurred.

Herman Bradshaw, Respondent, v. Clement C. Moore, Appellant.— Judgment modified so as to provide that defendant, his agents and servants are enjoined from taking possession of the property, etc., "except in accordance with the terms of the lease as determined by the court in its second finding," and as so modified, affirmed, with costs: No opinion.    All concur.

Julia B. Shearwood, as Executrix. etc., of Jacob B. Shearwood, Deceased, Appellant, v. Eleanor Shearwood, Respondent.— Judgment affirmed, with costs.—

DYKMAN, J.: This is an appeal from a judgment in favor of the defendant, entered upon the dismissal of the complaint at the Trial Term, from an order denying a motion for a new trial on the minutes of the court. The action was brought to recover the sum of $2,000 upon an allegation that in the year 1891 the defendant promised to give the plaintiff's testator, Jacob B. Shearwood, the sum of $3,000 out of the money received by her from her mother in consideration of services which he had performed for the defendant and for her mother prior to her death, and for services which he promised to perform, and did thereafter perform, and for other good and valuable considerations. The answer denied the promise and the other material allegations in the complaint. The case was tried at the Circuit before a jury, and at the close of the testimony on the part of the plaintiff the complaint was dismissed on the ground of failure to prove the promise upon which the action was based, and further because there was no consideration for such promise. The dismissal was right. The case is destitute of proof of any promise to pay any specific sum, and the law will not imply a promise to pay for the services on account of relationship of the parties. The judgment and order denying a new trial should be affirmed, with costs. Brown, P. J., and Pratt, J., concurred.

William M. Sherwood, Appellant, v. Tjark J. Hartman, Respondent. — Judgment and order affirmed, with costs.—

DYKMAN, J.: This is an appeal by the plaintiff from a judgment of the County Court of Kings county, in an action tried before the county judge and a jury. The action was originally commenced in a Court of a Justice of the Peace, where the plaintiff recovered a judgment. Upon the appeal to the County Court, a new trial was had, and the plaintiff again recovered a judgment. Upon an appeal to the Supreme Court, that judgment was reversed and a new trial ordered, on the ground that the verdict was not warranted by the evidence. Upon the second trial in the County Court, the evidence was substantially the same as on the first trial and the county judge directed a verdict for the defendant. From the judgment entered on that verdict, and from the order denying a motion for a new trial on the minutes of the court, the plaintiff has appealed. When this case was before us upon the former appeal, decided that the plaintiff was not entitled to recover. As the testimony upon the second trial was substantially the same as upon the first, we take the same view of the case as we did before when we decided that the plaintiff was not entitled to recover. The judgment and order denying a motion for a new trial must be affirmed, with costs. Brown P. J., dissents on ground that case was for jury.

---

## THIRD DEPARTMENT, SEPTEMBER TERM, 1895.

Sarah G. Smith, Appellant, v. John B. Smith, Respondent.— Judgment, in so far as it grants a decree in favor of the defendant and against the plaintiff, reversed, and that portion thereof refusing a decree in favor of the plaintiff against the defendant affirmed, without costs to either party.—

*Mem.* by HERRICK, J.: I concur in the conclusion arrived at by the referee that the evidence in this case is not sufficient to warrant a finding that the defendant had been guilty of the acts of infidelity charged against him, but I cannot concur in his conclusion that the evidence warrants the finding that the plaintiff had been guilty of the acts charged against her by the defendant. Charges of this kind are only to be established by clear and convincing evidence; they are so serious in their character, and the results so grave, that a court should hesitate before making a finding of guilty except when thoroughly satisfied of the truth of the charge. While I have great reluctance in refusing to concur in a finding of fact upon conflicting evidence, made by a referee of the ability of the one in this case, who has had the witnesses before him, still, after reading and rereading the testimony in this case, my mind refuses to reach the conclusion that the charge made against the plaintiff is sufficiently established. There is no direct evidence of the commission of the act alleged against her, but only evidence of circumstances which, if no defense had been offered, might be sufficient to warrant an inference of guilty conduct, but not only is a defense made in this case by the plaintiff, and the acts charged against her denied, but the evidence to establish the facts from which the unfavorable inferences are to be drawn, is controverted by witnesses on behalf of the plaintiff, who seem to be at least entitled to as much credit as those sworn on behalf of the defendant. Without reviewing the testimony at length, it is sufficient to say that I cannot concur in the view of this branch of the case taken by the referee, and that, therefore, I think the decision arrived at by him in refusing to allow a judgment and decree in favor of the plaintiff and against the defendant should be sustained, and that portion of his decision wherein he allows a judgment and decree in favor of the defendant and against the plaintiff, should be reversed, without costs or disbursements of this appeal to either party.    Putnam, J., concurred.

George E. Beardsley v. Willis G. Pope.— Motion for leave to go to the Court of Appeals denied, with ten dollars costs.