(24 Misc. Rep. 334.)

PHILLIPS v. PHILLIPS.

(Supreme Court, Special Term, New York County. June 15, 1898.)

1. DIVORCE—ADULTERY—EVIDENCE—SUFFICIENCY.

The evidence in an action for divorce showed that plaintiff's brother was invited by defendant to go with him to his rooms at an hotel, and, on entering, defendant said, "I find I have a visitor." The brother then saw a woman in defendant's bed, apparently undressed; and defendant said she was a woman he was keeping, giving her so much a month. The brother then left, and once afterwards saw this woman with defendant at a theater. The testimony was taken before a referee, and there was no defense, and an agreement for alimony was made. Held, that the evidence was not inconsistent with innocence of adultery, and was therefore insufficient.

2. SAME—REFERENCE—RECOMMITMENT.

Code Civ. Proc. § 1229, provides that judgment cannot be taken as of course on a referee's report in a divorce suit, but must be rendered by the court after the referee has reported. Held, that the court at special term, on a motion for judgment on a referee's report in a divorce case, cannot, at least without the consent of the parties, and for cause shown, refer the report back to the same referee to enable plaintiff to introduce further evidence to satisfactorily prove her case, where the evidence introduced was not sufficient.

3. SAME—SETTING ASIDE REPORT.

Nor can the court set aside the referee's report, and send the case to another referee, or to the trial term, to be proceeded with de novo.

**4. SAME—NEW TRIAL.**
    Nor can a new trial be obtained, except on newly-discovered evidence, as in other cases, or on appeal.

**5. SAME—DISCRETION OF COURT IN DENYING DIVORCE.**
    For insufficient evidence, fraud, or collusion, or similar causes, the court may refuse to confirm a referee's report in a divorce case, or to permit entry of judgment thereon, notwithstanding it is not at liberty to review the exceptions or the weight of evidence.

Action by Helen C. Phillips against Charles S. Phillips. On motion for judgment of divorce on referee's report. Denied.

Robert Hunter McGrath, Jr., for plaintiff.
John C. Coleman, for defendant.

LAUGHLIN, J. This is an action for a divorce. The defendant appeared, and by his answer denied the material allegations of the complaint. By consent, the issues were referred to a referee, to hear, try, and determine. The referee found the controverted facts in favor of the plaintiff, and directed judgment dissolving the marriage, and awarding to the plaintiff the costs of the action, and alimony at the rate of $4,000 per annum. This is a motion to confirm the referee's report. The defendant has not appeared on or opposed the motion, nor did he file exceptions to the report. The defendant was represented before the referee by his attorney. With the exception of proof of the service of the summons, and the formal statutory proof given by herself, the only evidence offered upon the trial was the testimony given by the plaintiff's brother. He testified, in substance, that on the evening of the 15th day of November, 1897, he accidentally met the defendant at the horse show at Madison Square Garden; that he accompanied the defendant to the Waldorf-Astoria, where they had a drink; that then the defendant invited him to go around and look at the defendant's rooms, and at some pictures he had just bought; that they went over to the defendant's apartments, and, after entering the same, the defendant entered a connecting room, and said, "I find I have a visitor," and that thereupon the witness walked over, and looked into the other room, and saw a woman in the defendant's bed, with her arms hanging out, and apparently undressed, and defendant said to the witness that she was the woman he had been telling him about, whereupon the witness said, "I suppose I had better not stay," to which the defendant replied, "I guess not," and thereupon the witness departed. The witness testified further that during the evening defendant had told him about meeting a woman named Beatrice De Thien, whom the defendant said he had been keeping for some time, and giving her so much a month, and that defendant also said his salary was $6,000 a year, and that he had a share of profits from some business which amounted to $15,000 or $17,000 in exceptional years, and that he had inherited from $125,000 to $150,000 from his mother. The witness further stated that defendant's apartments consisted of a parlor and bedroom, with an alcove, and that he had been there on one occasion shortly before; that all he knew about the woman was derived from what the defend-

ant told him, and from hearing other men speak of her; that he thought he had seen her once before, but not to recognize her; and that he saw her once afterwards with the defendant in a box at Koster & Bial's. The foregoing is the only material evidence offered by the plaintiff upon the trial, and, at the close of the plaintiff's case, defendant's counsel stated that he had no testimony to offer, and then admitted that the photograph referred to by the witness who served the summons was the photograph of the defendant. It was then stipulated by the attorneys for both parties that the referee might report in favor of $4,000 per annum alimony. It is not stated in so many words in the minutes of the trial that the defendant did not question the sufficiency of the plaintiff's case, or oppose the judgment which she sought, but the inference is plain that such was the fact. The defendant, after joining issue, failed to introduce any evidence in his own behalf, or to question the force of the evidence offered by the plaintiff.

The evidence presented before the referee was not sufficiently definite, clear, or satisfactory to warrant the judgment directed by him. There was no direct evidence of the commission of adultery. The circumstantial evidence does not point to the defendant's guilt, and the finding of his infidelity stands almost entirely upon inferences to be drawn from his own confessions, and such confessions are not free from suspicion. Aside from the defendant's confessions, there is not even a scintilla of evidence of any familiarity, affection, or improper conduct between the defendant and his alleged paramour. The evidence does not disclose the time of night she was seen in this room. Was the room in question the defendant's room? Who was the woman, and what were her relations with the defendant? The only answer the evidence furnishes to these questions is that afforded by the defendant's statements to his brother-in-law, hereinbefore set forth. Circumstantial evidence, to be made the basis of an action for divorce, should be such as to establish the fact of adultery, not only by fair inference, but as a necessary conclusion. Appearances indicating guilt, but still consistent with innocence, do not give rise to a presumption of guilt; for a finding of criminality is not warranted if the evidence is susceptible of any other conclusion. Pollock v. Pollock, 71 N. Y. 137; Conger v. Conger, 82 N. Y. 603. Where a judgment of divorce is to be based on confessions of the accused party, the confessions should be supported by circumstances free from suspicion, and leaving no doubt as to their truth. Sigel v. Sigel (Sup.) 20 N. Y. Supp. 377. Society, being materially affected by divorces, is entitled to protection at the hands of the court against the granting of divorces on insufficient evidence, even where both parties seem anxious that such a decree should be entered. The public policy of this state forbids the granting of divorces by consent, and requires that the infidelity shall be established by clear, convincing, and satisfactory evidence which will bear scrutiny. Smith v. Smith, 89 Hun, 610, 35 N. Y. Supp. 556; Moller v. Moller, 115 N. Y. 466, 22 N. E. 169; Fanning v. Fanning, 2 Misc. Rep. 90, 20 N. Y. Supp. 849. The authority of the court at special term in such cases

is, according to the construction heretofore placed on section 1229 of the Code of Civil Procedure, quite limited. The report cannot, at least without the consent of both parties and for cause shown, be referred back to the same referee to enable the plaintiff to introduce further evidence to satisfactorily prove her case, if the facts are more favorable to her than the record now presented to the court for judgment discloses. Matthews v. Matthews, 53 Hun, 244, 6 N. Y. Supp. 589. Nor can the court set aside the referee's report, and send the case to another referee, or to the trial term, to be proceeded with de novo. Ryerson v. Ryerson, 55 Hun, 191, 7 N. Y. Supp. 726; Matthews v. Matthews, 53 Hun, 244, 6 N. Y. Supp. 589. Nor can a new trial be obtained, excepting upon newly-discovered evidence, as in other cases, or upon appeal. Huntley v. Huntley, 73 Hun, 261, 26 N. Y. Supp. 266. The court may, however, for insufficiency of evidence, or for fraud or collusion, or similar causes, refuse to confirm the referee's report, or to permit the entry of judgment thereon, notwithstanding the fact that the court is not at liberty to review the exceptions or the weight of evidence. Matthews and Ryerson Cases, supra; Ross v. Ross, 31 Hun, 140. Although I think the precedents unnecessarily limit the authority of the court at special term on a motion for judgment on a referee's report in divorce, I am constrained to follow them; and it must be left to the appellate division or court of appeals to establish a more liberal rule, whereby justice may be more speedily and less expensively administered.

The motion for confirmation of the referee's report and for judgment of divorce is denied, on the ground that the evidence is insufficient.