(38 Misc. Rep. 109.)

## YOUNG v. YOUNG.

(Supreme Court, Special Term, Ulster County.   May, 1902.)

DIVORCE—REFERENCE BY CONSENT.

Where a husband sues his wife for divorce, and she is paid temporary alimony and a counsel fee, and after a trial before a referee the finding is in favor of the husband, his motion for judgment on the report should not be denied because the court appointed the referee by consent of the parties, and upon their written stipulation, in violation of Code Civ. Proc. § 1012, providing that reference shall not be made on consent of parties of course in an action for divorce, and that, when the parties consent, the court must designate the referee.

Action by Frank W. Young against Sarah Young.   Motion for judgment on report of referee dissolving a marriage.   Judgment accordingly.

Bernard & Van Wagonen, for plaintiff.
Brinnier & Searing, for defendant.

BETTS, J.   This case now comes before me upon a notice of motion for a judgment upon the report of the referee herein dissolving the marriage between the plaintiff and the defendant, and awarding the custody of the children of the marriage to the plaintiff.   The plaintiff asks for an absolute divorce upon the ground of the adultery of the defendant.   The answer denies the adultery.

The case first came before me at special term on September 21, 1901, on the application of the defendant for counsel fee and temporary alimony pending the trial.   No proceedings were had then excepting an adjournment until Saturday, September 28th, when the case was argued by Mr. Brinnier for the defendant and Mr. Van Wagonen for the plaintiff.   A large counsel fee was asked, and a large weekly allowance for alimony for the support of defendant and her infant daughter.   It was urged on the part of the plaintiff that neither should be granted; that the plaintiff had been supporting both children, and was willing to do so, but that the defendant had taken the daughter without the plaintiff's consent, prior to motion being made for alimony; and that, if any counsel fee was allowed, it should be small.   The defendant's attorney, however, insisted that his client was an innocent and greatly wronged woman by this action, and that counsel fee commensurate with the work before him of maintaining her innocence should be granted, and also a liberal allowance for alimony.   It was suggested by the court that it was a case that should be promptly tried, and that a reference should be ordered.   This was consented to at the time by both counsel for the plaintiff and defendant, and a jury trial was thus waived on behalf of the defendant by her counsel.   An allowance of $100 counsel fee was made and $5 weekly as alimony, and I assume that the alimony has been paid from that time until this.   The order entered as a result of that argument should have been a single order allowing counsel fee, alimony, and naming a referee.   Instead of that, Mr. Brinnier presented an order immediately allowing alimony and counsel fee, which was signed and was

filed the following Monday, September 30th.  Several days later, and on October 12th, a stipulation was presented to the court, signed by the plaintiff's attorneys and defendant's attorneys, waiving trial by jury, and consenting to the appointment of Walter N. Gill as referee herein, which was signed by the court at special term on that day, and entered on October 14th.  The trial thus consented to and directed proceeded with many hearings attended by both counsel.  The case was strenuously fought and opposed.  Many hearings were had; numerous witnesses were sworn, examined, and cross-examined at great length on both sides.  The referee finally reported in favor of the plaintiff and against the defendant, granting the divorce.  Exceptions were filed to the report of the referee by the defendant.  The confirmation of the report is opposed on this argument upon the sole ground that the referee was appointed by the court on the consent and stipulation of the parties hereto, and that hence his appointment was illegal and void; and Mr. Brinnier repudiates his stipulation consenting to such reference.

Section 1012 of the Code of Civil Procedure and rule 72 are relied upon as the basis for the claim herein.  Section 1012 should be construed in connection with section 1011.  Section 1011 provides for the method of appointment of referees by consent, when the order is to be signed by the clerk.  Section 1012 provides that a reference shall not be made of course upon the consent of the parties in an action for divorce, and further provides that, where the parties consent to a reference, the court must designate the referee.  Rule 72 of the court rules, which is headed "Reference on Default in an Action to Obtain a Divorce or Separation," provides that the court shall in no case order the reference to a referee nominated by either party, nor to a referee agreed upon by the parties.  So we have squarely in this case a waiver of a jury trial by the defendant, and the consent of the parties to the referee, and the court designating a referee agreed to by the parties.  It seems to the court that where a party has acquiesced in the appointment of a referee who was appointed by the court, although suggested by the parties, and a trial has been had occupying several months, and strongly contested, the defeated party should be properly estopped from successfully raising what is at the most, in this case, an irregularity.  The statute does not provide that the court may not appoint a referee agreed to by the parties.  The rule does, but the rule is for cases of default.  The statute provides that the court must designate the referee, and the court did designate the referee in this case by signing the order.  No contention is made here that the referee is either incompetent, dishonest, or biased towards or against either party.  The referee appointed was one in whom the court has confidence, and would be willing to appoint referee in a similar case without suggestion by either party to the reference; and, although he was named in the stipulation, yet the appointment was actually made by the court.  The reason for the rule (72) is solely to prevent collusive divorces.  No court can read the evidence submitted to the referee and be at all deluded that this action is a collusive one between this husband and wife.  The

husband was seeking for a divorce and the wife was opposing it. Where the reason for the rule fails, the rule itself fails. The true object of technical rules is to promote justice or prevent injustice. When they fail of those ends, and come to eat, like rust, into the substance of justice, courts should neither encourage nor enforce them. People v. Tweed, 5 Hun, 353. The courts have held that matter of the kind alleged here was a mere irregularity, and that the reference was not void. Fullmer v. Fullmer, 6 Wkly. Dig. 42. See opinion of Bockes, J., in same case, Id. 22. See opinion of Dykman, J., in Ryerson v. Ryerson, 55 Hun, 191, 8 N. Y. Supp. 738, holding that upon an application to the special term for judgment upon the report of a referee appointed by the court by consent of the parties to hear and determine a matrimonial action, the court will only make such examination as may be necessary to ascertain whether the report has any support in the evidence, or whether there has been fraud or collusion or any evil practice in the case by either party. In the case of Ives v. Ives, 7 Misc. Rep. 328, 28 N. Y. Supp. 170, on appeal 80 Hun, 136, 29 N. Y. Supp. 1053, an order of reference was made by consent to a referee chosen by the parties. The Code was the same then as now in this regard, and the rule fully as strong. There, as here, the wife received a benefit from the order made. There the case was postponed. Here the wife has received a continuous alimony, which the referee finds she was not entitled to at all, and she also received a liberal allowance for counsel fee, which the report of the referee shows that she was not entitled to. In the Ives Case a motion was made on behalf of the wife, prior to the trial, to set aside the order of reference on the ground that the referee was selected by consent and agreed to by the parties, and in violation of the rules of the court, which motion was denied, and on appeal it was held that the order of reference might be vacated, and that a new referee could be named by the court upon the consent previously given. In that case the plaintiff stated that she never consented to the reference, and the motion was made before any trial was had; hence it is not the case now before this court. In the case of Pratt v. Pratt, 2 App. Div. 534, 38 N. Y. Supp. 26, an action for divorce was brought by the infant wife against her husband, and after trial had the court denied the motion for leave to enter a judgment in the action upon the report of the referee in favor of the plaintiff. Manifestly, in that case, although the opinion does not refer to it, the plaintiff, being an infant, could not consent to an order of reference or anything else, nor does it appear that she had received any benefit by way of allowance or otherwise in that action; hence the appellate division sustained the special term in denying judgment.

These decisions are not uniform, but I am cited to no action for divorce where adult parties have, upon application to the court for alimony and counsel fee to the wife, waived a jury trial, and consented to the appointment of a referee, and the wife has received during a protracted trial the benefit of alimony and a liberal allowance for counsel fees, the motion for judgment upon the report of the referee has been denied. The court had jurisdiction of the

parties and subject-matter. It does not seem that a fair trial had should be set aside and all the proceedings vacated simply because a written stipulation was filed, and the court appointed a referee not unfriendly to the wife, now that the decision is adverse to her. Judgment in accordance with the report of the referee may be entered.

Judgment accordingly.