The People *v*. McGinnis..

---

SUPREME COURT. Monroe General Term, March 1853. *Selden, Johnson* and *T. R. Strong*, Justices.

### THE PEOPLE *vs*. MICHAEL MCGINNIS.

An action for a divorce for adultery was under the Code of 1851, referrible.

It is not necessary to a valid reference of an action, that the parties, or their attorneys subscribe a writing consenting to the reference; it is sufficient, if an order of reference is entered with their assent in open court; that is a " written consent."

A written consent; may be waived by appearing before the referee and participating in the proceedings on the trial.

An order of the court, on motion of the defendant's attorney, that the plaintiff pay a sum of money for costs and alimony, "on condition that the defendant's attorney stipulate with the plaintiff's attorney to refer the whole issues in the action," &c., where the stipulation is given and the parties proceed to trial before the referee, is a sufficient reference of the action.

A variance between an indictment for perjury on a trial before a referee and the evidence, in regard to the person before whom the referee was sworn, is immaterial. The allegations and proof, as to the taking of an oath by the referee are superfluous; he acquired jurisdiction by the order of reference duly made.

The answer of a witness on cross-examination, to an inquiry, the subject of which is purely collateral to the issue, is conclusive.

Indictment for perjury, tried at the sessions in Monroe County, in January, 1852. The indictment set forth, that one James Kane commenced an action against Catharine Kane, his wife, for a divorce for adultery; that she put in an answer to the complaint, and among other things alleged that the plaintiff had committed adultery with one Ann Golden, which

allegation was denied in the reply; that in October, 1851, the action was referred to Isaac R. Elwood, Esq., to hear and decide the same; that afterwards, and before he proceeded to take any testimony in the action, " the said Isaac R. Elwood personally appeared before Samuel L. Selden, then and there one of the justices of the supreme court of the State of New York, and duly empowered and authorized to administer oaths in that behalf, and by and before the said Addison Gardiner, so being such judge, and duly empowered to administer such oath, was sworn and took his corporal oath faithfully and fairly to hear and examine the said cause," &c.; that the referee proceeded to the hearing and trial of the issues, and that upon the trial, the defendant was sworn and examined as a witness, and committed the offence of perjury, in testifying to the adultery of the plaintiff charged in the answer.

On the trial of the indictment, the district attorney proved, that a motion was made in the action in the supreme court, on the behalf of the defendant, for costs and alimony, that the order was thereupon made by the court hereinafter set forth, and that the stipulation hereinafter set forth was given by the defendant's attorney and the plaintiff's attorney, in pursuance of the said order. The district attorney then offered to read in evidence a stipulation in the following words:

*Supreme Court.* — *James Kane* agt. *Catharine Kane.* — I hereby stipulate that this case be referred to Isaac R. Elwood. Esq., C. Jordan, attorney, for defendant. And also a rule of court, made and entered October 13, 1851, as follows:

*James Kane* agt. *Catharine Kane.*— C. Jordan, defendant's attorney. Ordered, on motion of Mr. Jordan, attorney for the defendant in this action, that the plaintiff pay the attorney of the defendant thirty dollars, for defence of this action, and to the defendant one dollar and fifty cents each and every week, commencing on the 13th day of October, 1851, for her support and maintenance, until a final decree .in this action, or further order of this court, on condition that the defendant's attorney

stipulate with the plaintiff's attorney, to refer the whole issues in this action to Isaac R. Elwood, Esq., and in that case the plaintiff is to pay the referee's fees, and fees of the defendant's witnesses upon the reference, and that the plaintiff be not allowed to bring this action to trial until the sum of $50 be paid to defendant's attorney." The counsel for the defendant objected to proof of the stipulation and rule, but the court overruled the objection and the exception was taken.

Isaac R. Elwood, was sworn as a witness for the people and the district attorney offered to show by him what took place on said reference. The counsel for the defendant objected to the testimony, 1st. That it was not a referrible cause. 2d. That the cause had not been referred by the written consent of the parties. The court overruled the objection, and the counsel for the defendant excepted. The witness said that he acted as a referee, that he was sworn before Judge Selden, that Judge Gardiner was not at home   The counsel for the defendant thereupon objected to the evidence, and moved that the defendant be discharged, on the ground of variance between the indictment and the proof. The court overruled the objection and received the evidence, and refused to discharge the defendant, to which decision the counsel for the defendant then and there excepted. James Kane and Ann Golden, were sworn as witnesses, and testified that Kane never committed adultery with her. On the cross-examination of the last witness, many questions were put to her as to her intimacy with Kane, which were answered in the negative. She proceeded, I pay Kane three shillings per week for rent of the room. Kane told me to order James McDermott out of my house, and if he did not go to send for him. I never asked McDermott to come to my house. I never got a penny from McDermott for any purpose. On the part of the defendant, there was testimony of one witness, that corroborated the testimony of defendant before the referee, and also testimony on the part of the people conflicting therewith, and confirming the testimony of Kane and Golden. The defendant offered to show that Ann Golden had said, that McDermott did give her fifty

cents. This testimony was objected to by the district attorney, and excluded by the court, on the ground that the question on that subject to Ann Golden was immaterial, and her answer must be taken as true, to which decision the counsel for the defendant excepted. The defendant was found guilty, and a bill of exceptions was sealed, which was brought into this court by certiorari.

*W S. Bishop,* for defendant.

*M. S. Newton* (Dist. Att'y), for the people.

*By the Court,* T. R. STRONG, J. — I am satisfied that the action for a divorce was referrible. (*Code of* 1851, *sections* 253, 254, 270.) By § 253, it was provided that " whenever in an action for the recovery of money only, or of specific real or personal property, there shall be an issue of fact, it must be tried by a jury, unless a jury trial be waived, as provided in section 266, or a reference be ordered, as provided in sections 270 and 271." Section 254 declares that, " every other issue is triable by the court, which, however, may order the whole issue, or any specific questions of fact involved therein, to be tried by a jury; or may refer it as provided in sections 270 and 271." By § 270, " all or any of the issues in the action, whether of fact or of law or both, may be referred, upon the written consent of the parties." The action was clearly embraced within the last two sections.

It was not necessary to a valid reference of the action, that the plaintiff, or his attorney, should subscribe the stipulation given by the attorney of the defendant in the action, or any writing consenting to a reference; it was sufficient if the plaintiff's attorney assented in open court to the order of reference. If the order was entered with his assent, it was a written consent of his to the reference. It is not expressly stated in the bill of exceptions, that the plaintiff's attorney was present and assented to the order when made, but it is stated that the stipulation of the defendant's attorney was given to him, from

The People v. McGinnis.

which and the terms of the order, it is apparent that the reference was asked for by him. A written consent might also be waived, by appearing before the referee, and participating in the proceedings on the trial. It is not stated in the bill, in terms, that the plaintiff's attorney did appear and take part in the trial, but it is fairly to be inferred from the statements therein in respect to the trial, and the fact that he testified in the present case what was sworn to by the defendant on the trial before the referee.

The order of reference is informal. It does not expressly refer, or direct a reference of the action, but I think it sufficiently shows the assent of the court to a reference to the referee named therein, and that it was intended thereby to refer the action, provided the defendant's attorney should give such a stipulation as was given by him.

In regard to the objection of variance between the indictment and the evidence, in respect to the person before whom the referee was sworn, it is a sufficient answer to it, that it was not necessary to allege or prove anything on that subject. (*Howard* v. *Sexton*, 4 *Comstock R.* 157.) Assuming that the provision of the revised statutes, requiring a referee to be sworn before proceeding to hear any testimony (2 *R. S.* 384, § 44), was applicable to the case, as it probably was, the oath was not necessary to confer jurisdiction to try the action. The referee acquired jurisdiction by the order of reference, duly made; the omission of the oath would have been an irregularity merely, and the subject only of a motion. Regarding the allegations and proof, in regard to the taking of the oath by the referee, as superfluous, no prejudice could result to the defendant from the variance, and it must be overlooked. (2 *R. S.* 728, § 52; *The People* v. *Treadway*, 3 *Barb. S. C. R.* 470, *and cases cited.*)

The court properly excluded the proof offered on the part of the defendant, to show that Ann Golden had said that McDermott did give the fifty cents. It does not appear by the bill of exceptions that she had testified that she had not said so, or that any question was put to her as to whether she had so

stated, but if the inquiry had been made of her and she had testified that she had not made such a statement to McDermott, evidence to contradict her in that respect would not have been admissible. The subject of the inquiry would have been purely collateral and the answer of the witness would have been conclusive. (*Howard* v. *The City Fire Ins. Co.* 4 *Denio R.* 502; *Harris* v. *Wilson,* 7 *Wend. R.* 57.)

These views dispose of all the exceptions which were relied on upon the argument; the other exceptions taken at the trial were abandoned, and properly so, as it is manifest that neither of them is tenable.

New trial denied.

---

COLUMBIA CIRCUIT.    April, 1853.    Before *Parker*, Justice.