## SUPREME COURT.

MARY E. TUGWELL, Administratrix, agt. JOHN BUSSING, Sheriff.

*When sheriff is bound to sell personal property in parcels.*

Where a sheriff levies upon various articles of personal property belonging to a copartnership firm, or an individual member, he is bound to sell it in parcels.

*Second Department, September Term,* 1874.

*Present* — BARNARD, *P. J.,* TALCOTT *and* TAPPEN, *JJ.*

APPEAL from a judgment entered at the Westchester circuit.

*G. W. Rathbun & W. W. Mann,* for appellants.

*Close & Robertson,* for respondents.

TALCOTT, *J.* — This action was either very loosely tried or the bill of exceptions is very loosely made up, so that it does not present the facts in a very intelligent form. The plaintiff had an execution against one George Shaeffer against whom, as an individual, there were some prior executions. There was also an execution in the sheriff's hands against Shaeffer and Boesen, and a levy was made upon the property of the firm. The action seems to be brought against the sheriff for selling the property altogether instead of in parcels, by reason of which the plaintiff claims that her intestate lost the amount

Tugwell agt. Bussing.

of his execution. It is not clear whether the sale was made first on the execution against Shaeffer or on that against the firm of Shaeffer and Boesen.

From the testimony of the only witness who gives any account of the particulars of the sale, it would seem that a sale was commenced on the execution againt Shaeffer individ-ually, then that was, to use the expression of the witness, "dropped," and a sale was made on the execution against Shaeffer and Boesen, to whom the property levied on belonged, and the entire property levied upon was struck off and sold to one Jones for a sum less than the amount of the execution against Shaeffer and Boesen.

After this sale was completed, the sheriff proceeded to sell the interest of George Shaeffer in the same property, and it was sold to the same Jones for $325. If this is a correct state-ment of the facts, it is not apparent what interest of Shaeffer could have remained to be sold after the sale of the entire property on the execution against Shaeffer and Boesen.

The judge at circuit, although he directed a verdict for the defendant in the case, still left it to the jury to find by their verdict the amount of the individual interest of George Shaeffer in the property in order that the special or general term or the appellate court might give judgment final in the case and thus avoid another trial at the circuit.

In this course the counsel on both sides seem to have acqui-esced, and we must understand the case as presenting the fact that the individual interest of George Shaeffer in the per-sonal property amounted to more than enough to satisfy the Tugwell execution after the payment of all previous charges.

*The question which the counsel for the respective parties seem desirous of presenting is, whether the sheriff was bound to sell in parcels. We see no reason to doubt but that he was.*

The coal, for instance, which purchasers were at the sale prepared to bid upon. The defendant's counsel claims in his points that there were two chattel mortgages given by Shaeffer and Boesen. If this were true, it would present a different

Tugwell agt. Bussing.

question as to the duty of the sheriff to sell in parcels (4 *Denio*, 171 ; 28 *How.*, 12). But so far as the case shows, there was only one chattel mortgage proved, namely, that to the Globe Life Insurance Company, which does not, on the face of it, purport to cover all of the property sold.

In regard to this chattel mortgage, the case represents the court as refusing to hold that it was not a lien on the property embraced in it, and in another part of the case, when defendant's counsel suggested that the $24,000 shown by that instrument to be due from Shaeffer and Boesen to the Globe Insurance Company, should be taken into account as a debt due from the firm in the attempt to arrive at the value of Shaeffer's individual interest, and when the counsel for the plaintiff requested the court to rule that the sheriff was bound to sell the property not covered by the chattel mortgages separately from that which was so covered, the court is represented as answering both propositions by holding " that the chattel mortgage was no lien whatever on the property." And the court, in its instructions to the jury on the subject of the value of the individual interest of Shaeffer in the partnership property, omitted the amount of the chattel mortgage from the statement of the debts to be satisfied out of the property before the execution of the plaintiff could be reached. For what reason the chattel mortgage was held to be no lien and apparently no evidence of indebtedness on the part of Shaeffer and Boesen, does not appear in the case.

The defendant excepted to the ruling, but the error, if any, cannot be corrected on the plaintiff's appeal.

No ground is stated upon which a general verdict was ordered for the defendant, and it is quite manifest, from the case, that many things were, on the trial, assumed to be understood, which are not clearly stated in the case. On the whole, we are not at all satisfied that we should be doing justice between the parties by undertaking to render a final judgment in the case as presented. We think a new trial the much safer course.

---

Tugwell agt. Bussing.

---

Judgment reversed and new trial ordered, costs to abide the event.

BARNARD, P. J., and TAPPEN, J., concurred.

NOTE.—This case appears to have been very loosely tried or the bill of exceptions was very loosely made up, so that it did not present the facts in a very intelligent form; no ground being stated upon which a general verdict was ordered for the defendant, &c., the court were not satisfied they would be doing justice between the parties by undertaking to render a final judgment in the case as presented — ordered a new trial, costs to abide the event. But the point that the sheriff was bound to sell the property in parcels as mentioned in the *head note* was decided absolutely, and agrees with the case of *Morgan* agt. *Holladay* (*ante, page* 86).

It seems almost incredible, but there are but three reported decisions on this point, the two above mentioned, and *Sheldon* agt. *Soper* (14 *John.*, 352). — [REP.