IRA S. BENNETT, APPELLANT, *v.* HENRY BAGLEY AND OTHERS, RESPONDENTS.

*Agreement that certain articles shall be sold under an execution, as personal property —when the debtor is estopped from claiming they were part of the realty—A creditor redeeming from a sale under an execution also estopped—Who cannot object to a sale because made in bulk instead of in parcels.*

After certain property of one Paine had been levied upon under an execution, issued upon a judgment recovered against him by one Bagley, and advertised for sale, a question arose as to whether an engine, boiler, and certain machinery so levied upon, were real or personal property. Thereupon it was agreed by and between, Bagley, Paine and the sheriff, that the same should be, and the same were treated and sold as personal property; the judgment creditor buying the same, and also the real estate, relying upon the said agreement. Thereafter and before the expiration of the time to redeem the real estate so sold, the plaintiff, who had recovered a judgment against Paine after the said sale, redeemed the said real estate from the same, and took a deed thereof from the sheriff. The said boiler and machinery were conveyed to the defendant by a purchaser from Bagley, to whom the same had been voluntarily surrendered by Paine before the recovery of the second judgment.

In an action by the plaintiff to recover the said articles, on the ground that they formed part of the realty,

*Held*, that Bagley having purchased the same in reliance upon the said agreement, Paine was estopped, as against him, from claiming that they were part of the realty.

That the plaintiff, by redeeming under his subsequently recovered judgment, acquired no greater rights than his debtor had.

The plaintiff claimed that the sale of the personal property was void, because it had been sold in bulk, instead of in parcels.

*Held*, that he could not in this action question the regularity of the sale on that ground.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee, dismissing the complaint with costs.

Lucien F. Paine was a judgment debtor against whom two judgments were recovered on March 28, 1876, by Henry Bagley. Executions were issued on the judgments, and placed in the hands of the sheriff, who levied on the personal property of the said Paine, including an engine, boiler, and machinery described in the complaint herein and situated in a building upon the land of said Paine.

The sheriff advertised the property, by virtue of the said executions, to be sold on the premises of Paine on July 8, 1876.

The referee found that on the day so appointed for such sale, and previous to any sale being made, it was agreed, by and between Bagley, the judgment creditor, and Paine, the judgment debtor, and the sheriff, by his deputy then holding the executions, for the then expressed purpose of realizing the largest amount of money upon such sale (there being some question raised as to whether such property was real or personal estate), that the said property so levied upon and advertised, being the property described in the complaint, should be treated as personal property, and put up and sold as personal property, by the license of the said Paine.

That the said property was then and there, and in pursuance of such agreement, and in the presence of the said parties, put up and sold as aforesaid as personal property, at public auction, to the highest bidder. That the said Bagley was the highest bidder therefor, and that he bid relying upon the agreement aforesaid in relation thereto. "That the said machinery . . was capable of being moved, without injury to the building remaining, or to itself, and that the same was turned out by the said Paine to the deputy sheriff, and was by him inventoried as personal property, after the agreement was so made to so treat it." That the land was thereafter put up and sold, and bid in for $250 by Bagley. That Bagley, in bidding the price he did for the real estate, did so in good faith, and relied upon the said agreement. Thereafter Ira S. Bennett, the plaintiff in this action, and his partners, on November 13, 1876, recovered a judgment against Paine for $687.34. On July 8, 1876, the sheriff issued to Bagley a certificate of sale of the said real estate. In September, 1876, Paine, in pursuance of the sale of the personal property, voluntarily surrendered to the said Bagley the key to the said buildings, and the possession of the property mentioned in the complaint.

In October, 1876, Bagley sold the machinery and property to one Miller, who thereafter sold one-half interest therein to the defendant Woodworth, and in April, 1877, the defendants removed the said machinery and property from the shop or place of sale to the premises of Miller and Woodworth. On October 3, 1877, Ira

S. Bennett, the plaintiff herein, redeemed the real estate from the said sale, and took a deed thereof under such redemption from the sheriff. Bagley took the money paid upon such redemption. The plaintiff demanded a return of the personal property, and brought this action for it. The referee found, as a matter of law, that the plaintiff was not entitled to recover.

*Osgoodby & Moot,* for appellant.

*F. C. Peck,* for respondents.

HARDIN, J. :

We think the conclusions of fact reached by the referee were sustained by the evidence.

The judgment debtor, by his agreement that the engine and machinery be sold as personal property, which agreement was acted upon, manifestly influenced the judgment creditor, in bidding upon the real estate, thus divested of the machinery. By the agreement, and the reliance placed upon it by the judgment creditor, the judgment debtor became estopped from claiming that the machinery was a part of the real estate as against the judgment creditor. (*Sisson* v. *Hibbard,* 75 N. Y., 542.) When the debtor subsequently allowed a judgment to be taken against him, upon which the redemption was had of the real estate, he had parted with the right to insist upon the machinery being treated and held as real estate. (*Jones* v. *Graham,* 77 N. Y., 628.) The redeeming creditor therefore acquired no rights or interests in the machinery, which had thus been severed from the real estate. The redeeming creditor acquired no greater rights than he would have, had he sold the interest upon execution, which Paine had in the real estate, after the agreement and sale of the personal property and its severance from the freehold. (*Miller* v. *Lewis,* 4 N. Y., 554.)

Section 1461 of the Code of Civil Procedure has no application to the case before us, as it was not in force at the time the agreement was made ; nor do we think the subsequent creditor, with a judgment subsequent to the agreement as to how the sale should be conducted, can question the regularity of the sale upon the ground that the property was sold in bulk, instead of in parcels.

It might be conceded that the debtor, upon motion, if he had not made the agreement, could have had a resale, and still the subsequent and redeeming creditor could not avail in this action of the supposed objection to the regularity of the sale. (*Smith* v. *McGowan*, 3 Barb., 405; *Neilson* v. *Neilson*, 5 Id., 565.)

. We are referred to *Tugwell* v. *Bussing* (48 How. Pr., 90), where TALCOTT, J., states the general rule that it is the duty of a sheriff to sell in parcels; and that a person who sustains damages by its violation may have an action, but we find nothing in that case which trenches upon the conclusion stated above. It was held in *Cunningham* v. *Cassidy* (17 N. Y., 276), that a sale made in gross is irregular and voidable at the instance of the party aggrieved, but it is not void.

We find nothing in *Mandeville* v. *Reynolds* (68 N. Y., 528), inconsistent with the views already stated. That was a case where an action was brought upon a judgment, and it was held to be competent to show, that a satisfaction thereof had been fraudulently obtained and entered of record.

We have examined the exceptions in the rulings made by the referee. We are not able to say that any error was committed which was prejudicial to the plaintiff, upon the main questions which have been determined against the plaintiff.

We must therefore affirm the referee's report and the judgment entered thereon.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment affirmed.