(40 App. Div. 564.)

### GORHAM v. GORHAM.

(Supreme Court, Appellate Division, Third Department. May 3, 1899.)

ACTION FOR DIVORCE—REPORT OF REFEREE—REFUSAL TO CONFIRM.

> Under Code Civ. Proc. § 1228, providing that in ordinary actions at law judgment may be entered on a referee's report, and section 1229, providing that, in an action for divorce, judgment cannot be taken of course on a referee's report, but the testimony and other proceeding on the reference must be certified to the court by the referee, with his report and judgment rendered by the court, the court has power to refuse to confirm the report on the merits.

Appeal from special term, Albany county.

Action by Adaline Gorham against Alonzo Gorham for divorce. From an order denying confirmation of the referee's report, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Richard O. Bassett, for appellant.
Arthur L. Andrews, for respondent.

LANDON, J. The defendant by his answer, besides denying his own guilt, charged the plaintiff with guilt, and thereupon prayed for judgment for an absolute divorce in his own behalf. The referee appointed to hear and determine the issues reported against the plaintiff and in favor of the defendant, and that he was entitled to a judgment of divorce. The special term denied the motion of the defendant to confirm the report and for judgment, but did not direct judgment in favor of either party. No opinion was written, but we infer from

an inspection of the case that the denial was based upon the learned court's idea of the merits. There does not appear to be any ground to suspect fraud or collusion between the parties. The appellant contends that the special term had no power to refuse confirmation of the report upon the merits. There are cases to that effect. Anon., 3 Abb. N. C. 161; Schroeter v. Schroeter, 23 Hun, 230; Ross v. Ross, 31 Hun, 140. We are not satisfied that these cases give a proper construction to section 1229 of the Code. The argument in them is, in effect, that the reference is a trial; that the trial is before the referee and not before the court; that the referee is authorized to hear and determine, and, although he may not direct final judgment to be entered of course upon his decision, yet, if the court before which the report comes for confirmation should direct a different judgment, it would be without trial and without the benefit of the presence of witness, and in despite of the trial and contrary to the findings of fact. Moreover, the case could not be reviewed on appeal according to the methods prescribed by the Code. This reasoning would be satisfactory but for the result. This degrades the act of the special term, in rendering judgment, from a judicial function to a ministerial one, and sweeps away the safeguards which the exercise of the judicial function was intended to secure. We admit the force of the argument to the extent that the special term cannot direct a judgment contrary to the findings of the referee, but not to the extent that it must confirm the report and direct judgment accordingly. It must refuse to confirm the report if the evidence certified does not support it satisfactorily to the conscience of the court. The public has an interest in the marriage relation, as the courts have often remarked; and, in directing judgment, the court should be as watchful of the public interests as of those of the parties. It often happens that the party liberated by the judgment from the marriage relation marries again without waiting to see whether an appeal is to be taken, and, when it is taken, such remarriage is in some way suggested, and embarrasses the proper disposition of questions of discretion and those arising upon conflicting evidence.

The jurisdiction of the court to grant divorces is statutory. The Revised Statutes (2 Rev. St. p. 145, § 40) provided:

"If the offense charged be denied, the court shall direct a feigned issue to be made up for the trial of the facts contested by the pleadings, by a jury * * * and may award a new or further trial of such issue as often as justice shall require."

The verdict of the jury came before the court, and, if it was challenged, the court examined the evidence, and, if not satisfied with its justice, set it aside and granted a new trial. The court could not make a final decree except upon the verdict of the jury. Ferguson v. Ferguson, 1 Barb. Ch. 604. Under the Code of 1851, such an action with such an issue, the parties consenting, became referable (People v. McGinnis, 1 Parker, Cr. R. 387), and has been so ever since. The Revised Statutes (2 Rev. St. p. 144, §§ 36, 40, 41) enjoined the court from granting a divorce without satisfactory evidence of the facts.

In Blott v. Rider, 47 How. Prac. 90, the court, after citing the rule, statutes, and many cases, said:

"The injunction that no divorce shall be granted without satisfactory proof—that is, proof satisfactory to the conscience of the court—imposes the duty of passing upon the evidence of .the facts. * * * The court must see that the public is not prejudiced by the collusion of parties, or the want of proof."

This view is expressly. approved in Sullivan v. Sullivan, 41 N. Y. Super. Ct. 519. Rule 92 provided: "No judgment in an action for divorce shall be entered except upon the special direction of the court;" thus preserving the like supervision by the court over the reports of referees as had been exercised by the court over verdicts under the Revised Statutes. In 1877 section 1229 of the Code of Civil Procedure took effect and made such supervision statutory again. It should be read in connection with section 1228, which provides that in ordinary actions at law or in equity judgment may be entered upon the report of the referee appointed to hear and determine. Section 1229 then provides:

"In an action to annul a marriage or for divorce or separation, judgment cannot be taken of course upon a referee's report, as prescribed in the last section. * * * When a reference is made in such an action, the testimony and the other proceedings upon the reference must be certified to the court by the referee with his report; and judgment must be rendered by the court."

It is manifest that under the present Code, as before it, the proof to justify a divorce must be satisfactory to the conscience of the court. If not satisfactory, it should refuse to confirm. It is said in Moller v. Moller, 115 N. Y. 466, 22 N. E. 169:

"A divorce should not be granted without evidence which is, after careful scrutiny, satisfactory, and can command the confidence of a careful, prudent, and cautious judge."

In Harding v. Harding, 43 N. Y. Super. Ct. 33, the general term approved the special term's refusal, because of the insufficiency of proof to confirm the referee's report. In Matthews v. Matthews, 53 Hun, 246, 6 N. Y. Supp. 589, the court said:

"We are not willing to hold that the court may not, on the ground of insufficient proof, refuse a judgment of divorce, when the referee has decided that it should be granted, because we suppose that the power given by section 1229 is for the protection of the public."

See Reynolds v. Reynolds, 33 App. Div. 626, 53 N. Y. Supp. 135.

We are satisfied that the special term was justified in refusing to confirm the report upon the merits. What the further practice of either party, if aggrieved, may be, we cannot decide until the question is presented to us.

Order affirmed, with costs to the respondent.

Order affirmed, with $10 costs and disbursements: All concur.