Elizabeth J. Goldner, Appellant, *v.* Daniel S. Goldner, Respondent.

*Referee's report in an action for divorce — the court may refuse to confirm it; it cannot direct a judgment contrary to it.*

Upon a motion to confirm the report of a referee, appointed to hear and determine the issues arising in an action for an absolute divorce, the court may properly examine the testimony and refuse to confirm the report unless it is satisfied upon the whole case that the referee's conclusion was correct; but it has no power to order a judgment contrary to that directed by the referee. ·

Barrett and Ingraham, JJ., dissented on the ground that in this case the referee's report was sustained by the evidence.

Appeal by the plaintiff, Elizabeth J. Goldner, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 27th day of November, 1899, upon an order made at the New York Special Term and entered in said clerk's office on the 23d day of October, 1899, denying the plaintiff's motion to confirm the report of the referee, and directing the dismissal of the complaint, with notice of an intention to bring up for review upon such appeal the said order.

*George W. Dease,* for the appellant.

No appearance for the respondent.

Rumsey, J.:

The action was for a divorce. The defendant having answered, and an order of reference to hear and determine the action having been made, the hearing was had before the referee who found that the defendant was guilty of the offense charged in the complaint, and reported that the marriage should be dissolved. Application was thereupon made to the court for an order confirming the report of the referee and for judgment thereon. When the application was first made the court expressed its opinion that upon the facts it was quite clear that there was collusion between the parties, and the motion to confirm the report was denied. Thereupon notice was given by the plaintiff's attorney that he would present to the court further proof that there was no collusion, connivance or improper conduct in the securing of the incriminating evidence against the defendant, and that he would ask the court upon said additional

papers and the evidence already taken and the report of the referee and all other papers in these proceedings to confirm the report of the referee or to order the case to be referred so that further evidence might be taken as to the manner in which the incriminating evidence was procured. Affidavits were presented upon that hearing, and after consideration of them the court, seeing no reason to change his conclusions about the matter, again refused to confirm the referee's report, and ordered judgment dismissing the complaint. From the judgment thereupon entered this appeal is taken.

The Code provides that the report of the referee to whom an action has been sent to hear and determine should stand as the decision of the court and the judgment should be entered thereon as directed therein upon filing the decision and report except where it is otherwise expressly provided by law. (Code Civ. Proc. § 1228.) The following section provides expressly that in an action to annul a marriage, or for a divorce or separation, judgment cannot be entered of course upon the report of the referee, as prescribed in the last section, but that where a reference is made in such an action the testimony and the other proceedings upon the reference must be certified to the court by the referee with his report, and the judgment must be rendered by the court. (§ 1229.)

There has been considerable dispute as to the extent of the power given to the court upon the motion to confirm the report of the referee under this section. On the one hand it has been said that as the case has been sent to the referee to hear and determine, and as his judgment stands as the decision of the court, the Special Term, upon the motion to confirm, has nothing to do except to examine the report and see that there is no apparent evidence of collusion, and that it has no power to consider the testimony for the purpose of satisfying itself that the referee has reached the proper conclusions and that the case is one in which a judgment of divorce might properly be granted.

On the other hand, it has been claimed that it is the duty of the court to examine the evidence and all the proceedings before the referee, not only for the purpose of satisfying itself that there has been no collusion, but to conclude whether, upon the whole case, it is proper that a divorce or separation should be granted.

A consideration of the purposes which are to be served by the

submission of all these matters to the court establishes, we think, that the second view is the correct one, and that the duty of the court is not merely perfunctory, but that it is required to examine the testimony and to refuse to confirm the report unless, upon the whole case, it is satisfied that the divorce should be granted. The marriage contract is not alone a matter in which the parties themselves are interested, but it concerns the public quite as much. Good order and decent living require that the regulations which have been made respecting its dissolution should be carefully observed. If there are children of the marriage their interests are to be considered quite as much as, if not more than, the interests of the parties to the contract. For these reasons the law has always been solicitous to protect the marriage relation and to see that it shall be dissolved only for such a reason as the statute prescribes, and in the way which the statute requires. (*Blott* v. *Rider*, 48 How. Pr. 90.) These considerations apply not only when the proceedings are *ex parte*, but when they are contested as well.

At common law, when a case had been sent to a referee, no judgment could be entered upon the report until after it had been confirmed by the court at Special Term. The Code of Civil Procedure so far altered that provision as to direct in section 1228 that the report of the referee must stand as the decision of the court, and that judgment should be entered upon it. But actions for divorce were expressly excluded from this provision of the Code, and it was expressly required that in such proceedings, upon the application to the court to enter judgment, the testimony, as well as the report of the referee, should be returned. It is quite clear that there was some object in requiring the testimony to be returned. If all that the court had to do was to examine the report to see that it contained findings of fact with regard to connivance or procurement, and it had no power to look into the testimony, it is difficult to comprehend why the testimony should be presented upon the motion to confirm. The fact that it is necessary to present it, and that it is necessary to make an application to the court, involves the duty by the court of examining the case for some purpose. That purpose is clearly to see whether, upon the papers that the law requires to be before it, the divorce is properly ordered. It is its duty to look into all the papers and if upon all the papers it is evident that for any

reason the divorce should be granted, it is its duty to so direct by refusing to confirm the report.

Such was the conclusion reached in the case of *Schroeter* v. *Schroeter* in which it is said that if for any reason the proceedings before the referee did not warrant the entry of a judgment no judgment can be rendered, and the motion must be denied. (23 Hun, 230, 231.) The same rule was laid down in this department in the case of *Hartman* v. *Hartman* (9 N. Y. St. Repr. 848). The judge at the Special Term had refused to confirm the report of the referee in an action for divorce which had been referred to the referee for hearing and determination, and upon appeal from his order so refusing to confirm, the court held that as an examination of the record left the most decided impression that there was a preponderance of disinterested evidence against the findings of the referee, it was proper for the court at Special Term to refuse to confirm the report, and the order appealed from was affirmed. In *Matthews* v. *Matthews* (53 Hun, 244) the General Term gave a decided intimation that the court at Special Term might upon the ground of insufficient proof refuse the divorce when the referee had granted it. The question has been very recently examined in *Gorham* v. *Gorham* (40 App. Div. 564) in which the court unanimously concluded that upon a motion to confirm the report of a referee to hear and determine in an action for an absolute divorce the Special Term was not required to confirm it and direct judgment accordingly, but might refuse to confirm for the reason that the evidence did not support the conclusions of the referee to the satisfaction of the court. The question is so thoroughly examined in that case and the reasons for the decision are so fully given that it is unnecessary to dwell further upon this point. We concur with the decision of Mr. Justice LANDON and the reasons which he gives for it. A like principle has been established in applications made to the court for leave to bring an action to recover a part of the mortgage debt after the mortgage has been foreclosed under section 1628 of the Code of Civil Procedure. Upon those applications it has been held that the mere fact that the sale of the mortgaged premises will not produce the amount of the debt and that the creditor has the legal right to recover the deficiency, is not sufficient to require the court to grant leave to bring an action against the person liable for the debt, but

that it will consider the whole case and do that which will work equity between the parties. ( *United States Life Insurance Co. v. Poillon*, 7 N. Y. Supp. 834.) Whenever an application must be made to the court for leave to take any step in an action it may fairly be said that ordinarily the court must take into consideration the merits of the application and is not bound absolutely to grant it.

The court at Special Term, therefore, had power to refuse to confirm the report of the referee, but the cases seem to be practically unanimous in holding that, although the court has power to refuse to confirm the report of the referee and to refuse to permit the parties to take such further proceedings as they deem advisable, it is not at liberty to order a judgment contrary to that directed by the referee in his report. This is established not only by the cases cited above, but seems to be practically conceded by all the cases on the subject. The judgment must, therefore, be reversed so far as it dismisses the complaint. But in the notice of appeal it was stated that the plaintiff would review upon this hearing not only the judgment dismissing the complaint, but the order denying the motion to confirm the report. That order is, therefore, before us for consideration. Having reached the conclusion that the court had power to make that order, it remains simply to examine the testimony to see whether the order was correct in view of the circumstances appearing on the trial. A reading of the testimony affords us satisfactory proof we think that the adultery, if there was adultery, had been arranged for and witnesses had been provided and were at hand so that there could be no difficulty in the discovery of sufficient to raise such an inference of adultery, if it were not denied, as would warrant a finding in the affirmative on that question. Having reached that conclusion it is necessary simply to say that we agree with the learned justice at the Special Term in that regard, and while it is necessary to reverse so much of the judgment as dismisses the complaint, the order reviewed, so far as it refuses to confirm the report of the referee, must be affirmed, leaving the parties to take such further proceedings in the action as they may be advised, neither party to have costs against the other in this court.

VAN BRUNT, P. J., and O'BRIEN, J., concurred; BARRETT and INGRAHAM, JJ., dissented.

Barrett, J. (dissenting):

I dissent.    The experienced and careful referee, who saw and personally examined the witnesses, found as a fact that there was no collusion.    He could not well have done otherwise, for there is not in the record a particle of evidence to support the contrary conclusion. The plaintiff has been denied her legal right upon mere suspicion.

The entire order should be reversed and the report confirmed, or, at the very least, the case should be sent back to the referee for further scrutiny.

Ingraham, J., concurred.

Judgment, so far as it dismisses complaint, reversed, and order, so far as it refuses to confirm report of referee, affirmed, without costs.