(42 Misc. Rep. 557.)

### BAUER v. BAUER.

(Supreme Court, Special Term, Albany County. February, 1904.)

1. DIVORCE—REFERENCE—REPORT—NEW TRIAL.

Where the parties to an action for divorce stipulate for a trial before a referee, and the Special Term refuses to confirm his report, there must be a new trial, and the order of reference will be amended so as to appoint a new referee.

2. SAME—COUNSEL FEES.

Where, on reference in divorce, the referee found for the wife, and the court refused to confirm his report, and a new referee was appointed, the wife will be granted a further allowance for counsel fees.

Action by John Bauer against Clara Bauer for divorce. By stipulation of the parties the court appointed a referee, who found in favor of defendant, whose report the Special Term refused to confirm. Motion by plaintiff for a new referee. Granted.

Daniel Naylon, Jr. (Eugene Flanigan, of counsel), for plaintiff.
Lucien Tuffs (James C. Matthews, of counsel), for defendant.

HERRICK, J. It was within the power of the Special Term to refuse to confirm the report of the referee, but it has no power to direct judgment contrary to the report of the referee. Gorham v. Gorham, 40 App. Div. 564, 58 N. Y. Supp. 50; Goldner v. Goldner, 49 App. Div. 395, 63 N. Y. Supp. 431. While this authority of the court to refuse to confirm the report of the referee seems to be well settled, the practice as to future proceedings does not appear to be settled. In each of the cases referred to the parties were directed to take such proceedings as they might be advised, without any intima-

tion as to what such proceedings should be. It seems to me that the case is in the same position as where a case has been tried before a jury and the jury have failed to agree. Neither party can enter a judgment against the other. The plaintiff cannot be called upon to discontinue his action and commence another. It is a case for a new trial.

The parties have stipulated that the case shall be tried before a referee. The question presented here is whether such new trial shall be before the same referee or before a new one. The practice of causing such rehearing to be had before the same referee has been condemned in this department in the case of Matthews v. Matthews, 53 Hun, 244, 6 N. Y. Supp. 589. It is no reflection upon the referee who previously heard the case to send it to another one. It is the almost universal practice pursued where a new trial is granted upon the report of a referee. A person who has once tried and determined a case cannot come to a rehearing thereof with that unbiased and virgin mind that is to be desired where a question of fact is to be passed upon. The order of reference heretofore granted is therefore vacated so far as it designates the referee, and a new referee will be appointed to hear and determine all the issues involved in this action.

For the purpose of enabling the defendant to defend herself upon the former trial an allowance for the services of counsel was granted. Inasmuch as she has now to meet the expense of another trial, a further allowance for counsel fee in the sum of $100 will be granted.

The attorney for the plaintiff may prepare an order in accordance with the terms of this memoranda, the name of the referee to be inserted by the court upon presentation of the order.

Ordered accordingly.