GALLOWAY v. GALLOWAY.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. DIVORCE—REFEREE'S REPORT—CONFIRMATION—DENIAL—COLLUSION.

Under Code Civ. Proc. § 1229, requiring the court, on a motion to confirm the report of a referee appointed to hear and determine an action for divorce, to examine the testimony, and authorizing the court to refuse to confirm a report in favor of plaintiff unless on the whole case the court is satisfied that a divorce should be granted, it was proper for the court to refuse to confirm a referee's report in favor of plaintiff in an action for absolute divorce, where there were many circumstances in connection with the evidence and the course of the trial from which a suspicion of collusion between the parties could be raised.

2. SAME—RESUBMISSION.

Where, in a suit for absolute divorce, there was no direct testimony showing collusion, and plaintiff expressly denied it, but there were circumstances tending to show collusion, the trial court, on denying a motion to confirm the referee's report in favor of plaintiff, should have given plaintiff leave to submit further proof.

3. SAME—APPLICATION TO SUBMIT FURTHER PROOF—SPECIAL TERM.

Where a motion to confirm a referee's report in favor of plaintiff in an action for absolute divorce was denied on the theory that the circumstances attending the procurement of the evidence and the proceedings before the referee raised a suspicion of collusion, an application by plaintiff for leave to submit further proof on such issue should be made at Special Term.

Appeal from Special Term, New York County.

Action by Clara A. Galloway against J. Armour Galloway for absolute divorce. From a judgment denying an application to confirm the report of a referee in favor of plaintiff, she appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Charles A. Molloy, for appellant.

HATCH, J. The evidence adduced before the referee was sufficient to sustain the averments of the complaint, and in the absence of collusion between the parties it justified the findings of fact and conclusions of law which were made, and authorized a judgment of divorce absolute, as reported by the referee. By the provisions of section 1229 of the Code of Civil Procedure, such judgment may not be rendered until the testimony and other proceedings upon the reference are certified to the court by the referee, with his report, and judgment can only be rendered by the court. On the hearing upon the motion to confirm, the court is required to examine the testimony, and, although the reference is to hear, try, and determine, the court may refuse to confirm the report unless upon the whole case it be satisfied that the divorce should be granted. The reasons for such holding are fully and satisfactorily set forth in Goldner v. Goldner, 49 App. Div. 395, 63 N. Y. Supp. 431, and Gorham v. Gorham, 40 App. Div. 564, 58 N. Y. Supp. 50. While the evidence was satisfactory in establishment of the commission of the offense by the defendant, yet there are many circumstances which appear in connection with the method adopted to obtain evidence of the fact of its commission and of circumstances which occurred during the course of the trial before the referee which are quite sufficient to raise the suspicion of collusion between the parties to obtain the judgment of divorce. While the defendant interposed an answer denying the averments of the complaint respecting the commission of adultery, yet it was unverified, and upon the trial no cross-examination of the witnesses was made by the defendant's attorney, save in slight particulars, which rather tended to elicit information strengthening the plaintiff's case than to show a defense. The referee examined the witnesses upon pertinent subjects at considerable length, and in so doing satisfactorily discharged his duties in the execution of the reference. The defendant offered no testimony in his defense. At the close of the hearing before the referee the attorneys for the respective parties entered into a stipulation providing for the amount of temporary alimony to be awarded, the time at which it should be payable, and that the amount thereof should be made permanent, and the referee was authorized to pass upon and award the sum in his report. The plaintiff was sworn upon the trial, and answered the formal questions respecting connivance, privity, procurement, etc., and denied the same. There is no evidence to show that she was in any wise connected with or took part in procuring the testimony upon which the report was based. On the contrary, it satisfactorily appears that the steps which were taken to procure such evidence were had through the instrumentality of a gentleman of character and standing. If the suspicious circumstances to which we have adverted, tending to show collusion, had been absent, the report of the referee would doubtless have been confirmed, and judgment directed to be entered thereon in conformity to law. We are of opinion, however, that the circumstances were sufficiently strong respecting the collusion as to justify the court in refusing to confirm the report. If, however, there was in fact no collusion, some opportunity should have been afforded to the plaintiff to show the same. The order denies confirmation of the report, and

makes no other disposition of the matter. Under the circumstances of this case, we think that the learned court should have given the plaintiff an opportunity to present proof, either before itself or by sending the case back to the referee to take proof and report further upon such subject. As the matter now stands, the plaintiff may doubtless take further proceeding in the case bearing upon the subject of the issues. Such was the intimation of the court in Goldner v. Goldner, supra, but in ordinary course it should be with respect to some direction made by the court at Special Term.

We conclude, therefore, that the order appealed from should be affirmed, with leave given to apply at Special Term for leave to take such further proof and proceedings in the action as the plaintiff shall be advised. No costs of this appeal allowed to either party.

VAN BRUNT, P. J., and O'BRIEN and McLAUGHLIN, JJ., concur.

INGRAHAM, J. I think that upon the evidence before the referee the plaintiff was entitled to judgment.