### PERKINS v. PERKINS.

(Supreme Court, Appellate Division, First Department. January 22, 1909.)

DIVORCE (§ 150*)—REFEREE'S REPORT.

Circumstances in a divorce suit *held* to require affirmance of an order refusing to enter judgment on a referee's report as modified by granting a new trial before a new referee.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 150.*]

Appeal from Special Term, New York County.

Action by Frank W. Perkins against Nellie F. Perkins. From an order refusing to enter judgment on a referee's report, plaintiff appeals. Modified and affirmed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Edward W. Hatch, for appellant.

Charles La Rue, for co-respondent.

Athur A. Michell, for respondent.

INGRAHAM, J. This was an action for divorce in which the defendant interposed an answer, and which was referred to a referee to hear and determine. He filed his report finding the facts and the conclusions of law, and directing judgment for an absolute divorce to be entered against the defendant. Under section 1229 of the Code of Civil Procedure, the judgment could not be entered upon the referee's report as of course, but the testimony and the other proceedings upon the reference must be referred to the court by the referee with his report and judgment must be rendered by the court. In compliance with this provision the testimony was referred to the court, and an application was there made for judgment. The court denied the motion for judgment without making any other disposition of the action, and from that denial the plaintiff appeals.

Personally I do not think it was for the court to confirm a referee's report where the issues in an action have been referred to him to hear and determine. By section 1228 of the Code of Civil Procedure it is provided that, where the whole issue is an issue of fact which has been tried by a referee, the report stands as the decision of the court, and, except where it is otherwise expressly provided by law, judgment upon such report or upon the decision of the court upon the trial of the whole issue of fact without a jury may be en-

---

tered by the plaintiff as directed therein upon filing the decision or report. This provision would apply to the report of a referee in an action for a divorce, except so far as it is modified by section 1229 of the Code of Civil Procedure. That section provides:

"In an action to annul a marriage, or for a divorce or separation, judgment cannot be taken, of course, upon a referee's report, as prescribed in the last section. * * * Where a reference is made in such an action, the testimony and the other proceedings upon the reference, must be certified to the court, by the referee, with his report; and judgment must be rendered by the court."

There is nothing in the provisions of this section which requires the report to be confirmed by the court upon granting judgment, but the judgment on such a report must be rendered by the court.

Nor do I think the court was authorized to review the action of the referee, and determine whether the findings of fact were against the weight of evidence. The distinction between the entry of a judgment upon a referee's report in an ordinary action and an action for divorce is that in an ordinary action the judgment is entered, of course, as directed by the referee in his report, and the parties seeking to review that judgment must review it by appeal; while in an action for divorce the referee is required to return to the court the evidence taken before him, and the court is required to enter judgment. In this case there was evidence before the referee which, if believed, justified his finding. That evidence was denied by the defendant and the co-respondent, but the referee had adopted the plaintiff's evidence and found the facts which justified a judgment for divorce. The propriety of that finding could be reviewed by the Appellate Division on an appeal.

The question as to the power of the court under these two sections has, however, been before this court in three cases which I think are controlling upon us. In Gorham v. Gorham, 40 App. Div. 564, 58 N. Y. Supp. 50, in the Third Department the court, in considering the right of the Special Term to refuse a judgment upon a referee's report, held that, while the Special Term could not direct a judgment contrary to the findings of the referee, it was not bound to confirm the report and direct judgment accordingly; the court saying:

"It must refuse to confirm the report if the evidence certified does not support it satisfactorily to the conscience of the court."

And in that case an order refusing to confirm the report was affirmed. The question was also before this court in Goldner v. Goldner, 49 App. Div. 395, 63 N. Y. Supp. 341, when the opinion in the Gorham Case, supra, was expressly approved; the court saying:

"The duty of the court is not merely perfunctory, but that it is required to examine the testimony and to refuse to confirm the report, unless, upon the whole case, it is satisfied that the divorce should be granted."

And, after calling attention to section 1229 of the Code of Civil Procedure, the court said:

"It is quite clear that there was some object in requiring the testimony to be returned. If all that the court had to do was to examine the report to see that it contained findings of fact with regard to connivance or procure-

ment, and it had no power to look into the testimony, it is difficult to comprehend why the testimony should be presented upon the motion to confirm. The fact that it is necessary to present it, and that it is necessary to make an application to the court, involves the duty by the court of examining the case for some purpose. That purpose is clearly to see whether upon the papers that the law requires to be before it the divorce was properly ordered. It is its duty to look into all the papers, and, if upon all the papers it is evident that for any reason the divorce should not be granted, it is its duty to so direct by refusing to confirm the report."

In that case the order of the Special Term was affirmed upon the ground that there was conclusive evidence that the offense was committed with the consent and procurement of the plaintiff, and this case was followed in Galloway v. Galloway, 92 App. Div. 300, 86 N. Y. Supp. 1078. It would seem, therefore, that it is now settled by this court that the Special Term has the right to examine the testimony before the referee, and, if upon such testimony the court is not convinced that a divorce should be granted, it is the duty of the court to refuse to enter an interlocutory judgment. But in neither case was it determined what would become of the action upon such a refusal to confirm the referee's report. The action presented a substantial litigation between the parties which had been determined according to law by a referee appointed for that purpose in favor of the plaintiff. If the court was justified in refusing to grant a judgment and no further provision was made for disposing of the action, there was no method by which the decision could be reviewed, or by which the action could be finally determined. The parties were entitled to have some final determination of the questions presented, and some judgment entered from which an appeal could be taken. It was expressly decided in the cases above referred to that the court had no power to enter a judgment in favor of the party against whom the referee had reported, so that, if the case was ever to be disposed of, the only method that I can see would be for the court to order a new trial if it was not satisfied with the testimony upon which the referee had decided that a divorce should be granted. So as we are bound by the decisions before referred to that the court at Special Term has power to look into the testimony and refuse to render a judgment, unless it is satisfied that a divorce should be granted, the court necessarily has the further power in such a case to order a new trial, and we think that the court should have made such an order.

It is pointed out in Gorham v. Gorham, 40 App. Div. 564, 58 N. Y. Supp. 50, that prior to the Code of 1851, under which action for divorce first became referable, it was the rule in the court of chancery that, if the court was dissatisfied with the verdict of a jury upon feigned issues in a divorce action, it became its duty as it was within its power to grant a new trial. This was the course pursued in Ferguson v. Ferguson, 1 Barb. Ch. 604. By section 1011 of the Code of Civil Procedure it is provided:

"Except in a case specified in the next section, the whole issue, or any of the issues in an action, either of fact or of law, must be referred upon the consent of the parties, manifested by a written stipulation, signed by their attorneys, and filed with the clerk. Where the stipulation does not name the referee, he may be designated by the court, on motion of either party. * * * If the referee named in a stipulation refuses to serve, or

if a new trial of an action tried by a referee so named is granted, the court must appoint another referee, unless the stipulation expressly provides otherwise."

By section 1012 of the Code of Civil Procedure it is provided that in cases specified in that section, which includes an action for a divorce, where the parties consent to a reference, the court may in its discretion grant or refuse a reference, and, where a reference is ganted, the court must designate the referee. If the referee thus designated refuses to serve, or if a new trial of an action tried by a referee so designated is granted, the court must upon the application of either party appoint another referee. This case having been tried by a referee and a new trial of the action being granted under section 1012 of the Code of Civil Procedure, the court must upon the application of either party appoint another referee. The order directing a new trial of the action must therefore appoint a new referee before whom the trial is to be had.

It follows that the order appealed from must be modified by granting a new trial of the action before a referee to be named in the order, and, as so modified, affirmed without costs.

McLAUGHLIN, HOUGHTON, and SCOTT, JJ., concur in result.

SCOTT, J. I concur with Mr. Justice INGRAHAM as to the proper disposition to be made of this case. I do not agree with him, however, that section 1229 of the Code of Civil Procedure was intended to forbid the court at Special Term in an action for divorce to examine the testimony taken before the referee, and to refuse to enter a judgment if convinced that the evidence does not sustain the conclusions of the referee. The rule is now well settled to the contrary. Gorham v. Gorham, 40 App. Div. 564, 58 N. Y. Supp. 50; Goldner v. Goldner, 49 App. Div. 395, 63 N. Y. Supp. 431; Galloway v. Galloway, 92 App. Div. 300, 86 N. Y. Supp. 1078. It also appears that before the Code of 1851, when no divorce action was referable, the court of chancery, if dissatisfied with the verdict of a jury on feigned issues, exercised jurisdiction to refuse to enter judgment upon the verdict. Ferguson v. Ferguson, 1 Barb. Ch. 604. And this I think comports with the provisions of section 1229 of the Code of Civil Procedure. Section 1228 provides for a reference to hear and determine and authorizes a judgment to be entered upon the referee's report without application to the court. A reference to try the issues in a divorce case is nowhere called a reference to hear and determine. It is clearly intended to be, as has been said in some cases, a reference to inform the conscience of the court. The responsibility for entering judgment is by section 1229 cast upon the court, and it would require much more precise language than can be found in the Code to convince me that the Legislature intended to cast upon the court an obligation to enter a judgment of divorce, although convinced that the testimony did not warrant the finding that the party against whom the decree was to be entered had been guilty of the offense charged. The requirement that the decree shall be entered only by direction of the court seems to necessarily imply that the court is to exercise some judgment

in the matter. Otherwise great injustice might be done to a perfectly innocent person. The present case affords a striking instance. The defendant and the co-respondent, one a hard-working woman and a mother, and the other a clergyman, have been found by the referee to have been guilty of adultery 13 years ago, and upon palpably insufficient and unconvincing evidence. The court below rightly refused to place the sanction of the court upon the referee's report by directing a judgment to be entered upon it. If the court at Special Term had been bound to enter a decree in accordance with the findings of the referee, while the judgment would undoubtedly have been reversed upon appeal, the apparently innocent defendant and co-respondent would have been obliged, pending the hearing of the appeal, to have borne the stigma of a solemn judgment of the Supreme Court conclusively establishing their guilt. It was doubtless just such a result as this, as well as to protect the public interest, that the Legislature forbade the entry of a decree as a matter of course upon a referee's report in an action for divorce, and provided that the court, as well as the referee, must be satisfied that the judgment warranted a decree before one could be entered. The court cannot enter a judgment contrary to that advised by the referee, for such a judgment would be without findings or decisions to support it. The only practicable course, therefore, is that advised by Mr. Justice INGRAHAM to order a new trial before another referee. This was the practice in the court of chancery when the court was dissatisfied with the verdict of a jury and refused to enter judgment therein. Ferguson v. Ferguson, supra.

CLARKE, J., concurs.