ROLAND D. WITCHLEY, Plaintiff, *v.* EDNA E. WITCHLEY, Defendant.

Supreme Court, Oneida County, December 1, 1927.

**Husband and wife — divorce — report of official referee granted plaintiff absolute divorce — evidence as to adultery was given by friends who openly consorted with defendant — testimony of such witnesses should be corroborated — confirmation denied — new trial granted before another referee.**

In this action for an absolute divorce, plaintiff's motion for the confirmation of the report of the official referee, recommending judgment for plaintiff, should be denied, where the only evidence as to defendant's adultery was given by her friends who openly consorted with her and the corespondent, and for years had been aware of the illicit relations existing between them; the testimony of such witnesses should be corroborated.

A new trial is granted plaintiff before a different referee.

MOTION for confirmation of referee's report and for interlocutory judgment in a divorce action.

*John D. Crimmins,* for the plaintiff.

*Harry N. Harrington,* for the defendant.

WILLIAM F. DOWLING, J.   The above case was tried before Hon. WILLIAM E. SCRIPTURE as official referee on the 28th of July, 1927.   On August 15, 1927, the learned referee reported in favor of the plaintiff for an absolute divorce.   By stipulation of the parties, motion for confirmation of the referee's report and for interlocutory judgment was heard at the October Special Trial Term of this court, held at Syracuse.

Andres M. Jones, of 1150 Taylor avenue, Utica, testifying for the plaintiff, said he was employed in the accounting department of the Savage Arms Corporation of Utica; that on May 29, 1926, he visited his friend the corespondent, James Coburn, who was then living with the defendant at 78½ Broadway, Rochester, N. Y.; that he stayed at Coburn's house that night; that Coburn and the defendant slept in the same bed together; that to reach the bathroom he had to pass through their bedroom, and while doing so, saw them together in bed; that he knew that the defendant was not Coburn's wife; that he had visited them on several occasions at their said residence; that Miss Ellen Crouse spent that evening at Coburn's apartment.

Miss Ellen Crouse, testifying for plaintiff, said she resided at 78 Broadway, Rochester, which was in the building where Coburn lived; that she visited Coburn's apartment on the evening of May 29, 1927; that she saw the defendant and Coburn in bed

together that night; that she also visited the apartment the following morning and night, and found the defendant and Coburn, on each occasion, in bed together; that Jones, Coburn, defendant and herself spent the following day and evening together; that she had known defendant and Coburn for several years; that it was well known to everyone they were living together as husband and wife, although not married; that she had been a frequent caller at their apartment.

There is no evidence in the record as to whether or not either the defendant or Coburn is related to Jones or to Miss Crouse, nor is there any direct evidence that the defendant is the wife of the plaintiff. It is on this evidence that the referee has found for the plaintiff.

That there is some close relationship between the defendant and the witness Jones is evidenced by the fact that the summons and complaint in this action were served upon her at Jones' residence, 1150 Taylor avenue, Utica, on the 28th of December, 1926. The witnesses Jones and Crouse, assuming for the moment the truth of their testimony, had been, for years, aware of the illicit relations existing between Coburn and the defendant. Both of them were, and had been for years, frequenters of Coburn's apartment where Coburn and defendant lived in open adultery. ' No protest of their conduct ever passed their lips; no blush of shame ever reddened their countenances; they placed their stamp of approval on the conduct of these alleged lawbreakers. All four were warm friends. People are to be judged by the company they knowingly and willfully keep. These two witnesses have demonstrated, by their open association with this pair of alleged adulterers, such a lack of character, such a lack of respect for righteous conduct and public decency, as to seriously affect their credibility. In my opinion, the rule applicable to the testimony of prostitutes, namely, that it must be corroborated to be available, should be invoked against the testimony of such witnesses. It would be unsafe to grant a divorce on such evidence. Very often respectable people unwittingly become spectators to acts which lead to a violation of the marriage vows, and are called upon to testify. The testimony of such witnesses is of an entirely different character from that of the instant case, and is not to be weighed by the same rules. The defendant offered no testimony, nor did she testify. Her counsel did not even cross-examine the witnesses for the plaintiff. I am aware of the holding of the Court of Appeals in *McCarthy* v. *McCarthy* (143 N. Y. 235) to the effect that slight corroboration of the testimony of prostitutes is sufficient, where a defendant fails to take the stand in his own behalf. I think it is time that the rule applicable to the testimony of prostitutes should be extended

to include testimony of witnesses of the type in question, in cases where persons consort openly, knowingly and willfully with adulterers, and then are called upon to prove the adultery of their friends, and the courts should refuse to grant divorces unless the testimony of such witnesses is corroborated. An extension of the rule applicable to prostitutes to include the testimony of witnesses of this character will make it more difficult for those who are seeking to have the bonds of matrimony severed, to accomplish their wishes. As there is no corroboration of the testimony of these witnesses, and applying the aforesaid rule, I must decline to confirm the report, or to grant interlocutory judgment of divorce herein. The motion, therefore, must be denied, with ten dollars costs to the defendant. A new trial is granted to the plaintiff before a different referee. I think this is the proper practice. (*Perkins* v. *Perkins*, 130 App. Div. 193.) Order denying motion and appointing a different referee may be submitted accordingly.