VERA BENNETT, as Administratrix of. the Estate of JOHN BENNETT, Deceased, Respondent, v. NEW YORK AND QUEENS ELECTRIC LIGHT AND POWER COMPANY, Appellant.— Action to recover damages for wrongful death. Plaintiff's intestate was electrocuted while working for a contractor on a sewer project in Queens County as a consequence of a boom attached to the contractor's crane coming in contact with high tension wires maintained by the defendant parallel to the roadway in which the sewer job was in progress. Judgment for the plaintiff reversed on the law, with costs, and the complaint dismissed on the law, with costs. The findings of fact implicit in the jury's verdict have been considered and are affirmed. Under the undisputed facts herein the happening of this accident was not within the field of reasonable apprehension on the part of the defendant. (*Buell* v. *Utica Gas & Electric Co.*, 259 N. Y. 443; *Leeds* v. *New York Telephone Co.*, 178 N. Y. 118; *Rowley* v. *Newburgh Light, Heat & Power Co.*, 151 App. Div. 65; *Morton* v. *Smith Hoisting Co.*, 166 App. Div. 436.) The case of *Ward* v. *New York State Electric & Gas Corp.* (290 N. Y. 325) may be readily distinguished. The defendant was not obligated to anticipate that the sewer contractor's employees, under the circumstances herein, would be negligent in the manner of the operation of the crane and boom, especially after a four months' safe operation during which the apparatus was confined within the pathway concerned with the construction of the sewer, over which area the defendant's high tension wires were not maintained, although they were parallel to and outside that area. Carswell, Adel, Lewis and Aldrich, JJ., concur; Close, P. J., dissents and votes to affirm on the ground that the case presents a question of fact for the jury.

BROOKLYN TRUST COMPANY, Appellant, v. HILDEGARDE WALWORTH, Individually and as Executrix of JOSEPH WALWORTH, Deceased, Respondent.— In an action to foreclose a mortgage, judgment dated June 16, 1942, denying appellant's application for a deficiency judgment, modified on the law and the facts, by deleting from the first ordering paragraph the words "at least the amount of plaintiff's claim of" and by fixing the value of the property at $103,463.09, the amount of the claim. As thus modified, the judgment is unanimously affirmed, with costs to respondent. The "Fifth" finding of fact is modified by striking therefrom the words "at least the amount of plaintiff's said claim of", and the "First" conclusion of law is modified by striking therefrom the words "at least the amount of plaintiff's claim of". The evidence justified the Official Referee's finding that the value of the property was at least equal to appellant's claim. Appellant was not prejudiced by the Referee's failure to fix the exact amount by which the value exceeded the claim. This court may do what the Official Referee, acting as a justice of Special Term, pursuant to a stipulation of the parties, could have done. (*Adler* v. *Barr*, 251 App. Div. 853.) Present — Close, P. J., Carswell, Johnston, Lewis and Aldrich, JJ.