Appeal from an order denying motion of plaintiff to confirm the report of an official referee in an action to annul a marriage, and for an interlocutory judgment in accordance therewith. Order reversed on the law and facts, without costs, the motion granted, and an interlocutory judgment of annulment is directed to be entered, without costs: The findings of the official referee are affirmed. The plaintiff’s proof was not incredible as a matter of law. The undisputed proof, if believed, constituted a prima facie case. The trier of the facts believed the testimony, and his findings may not be disturbed. (Boyd v. Boyd, 252 N. Y. 422.) As the oral testimony credited by the referee constituted a prima facie case, a sound legal discretion required confirmation of the referee’s findings. The Special Term did not see the witnesses, and in this respect has no advantage over this court in passing on the referee’s report. We may do that which the Special Term could have and should have done. (Quinsi v. Quinzi, 261 App. Div. 929; Keegan v. Keegan, 209 App. Div. 74; Adler v. Barr, 251 App. Div. 853; Brooklyn Trust Co. v. Walworth, 268 App. Div. 915; Cohen v. Cohen, 266 App. Div. 676; Echavarria V. Echavarria, 267 App. Div. 964.) A different question would be presented if the referee made a decision based on proof incredible as a matter of law, or insufficient as a matter of law, or, if in deciding a disputed question of fact, he had accepted a version inherently incredible as a matter of fact, or had disregarded the weight of evidence. Here, however, the credited proof is undisputed. Lewis, P. J., Carswell and Johnston, JJ., concur; Hagarty and Nolan, JJ., dissent and vote to affirm with the following memorandum: The *977 reference was to hear and report, with findings of fact and conclusions of law. The referee’s findings and his conclusion that the plaintiff was entitled to an interlocutory judgment were not approved by the Special Term which had not referred the action to the referee for final determination, but had required that the evidence and the referee’s report be returned to the court for its consideration before the entry of interlocutory judgment. Under such circumstances, it was the duty of the court at Special Term to examine the evidence, and if not convinced on the record that an annulment should be granted, to refuse to enter an interlocutory judgment. In this case the Special Term decided that the plaintiff’s case had not been established by satisfactory evidence. (Civ. Prac. Act, § 1143.) We do not consider the Special Term’s decision unwarranted, on consideration of the evidence, and are unwilling to hold that the court may not, on the ground that the proof is unsatisfactory, or insufficient, refuse a judgment of annulment, even though a referee has decided on uncontradicted evidence, that it should be granted. (Cf. Perkins v. Perkins, 130 App. Div. 193; Galloway v. Galloway, 92 App. Div. 300; Gorham v. Gorham, 40 App. Div. 564; Marshall v. Meech, 51 N. Y. 140.) The reference was merely to inform the conscience of the court, which could adopt and act upon it, or disregard it if convinced that the evidence was insufficient to sustain the relief recommended by the referee. (Marshall v. Meech, supra; Bannon v. Bannon, 270 N. Y. 484, 492.)